# Henry v. Watson.

*Bill in Equity for Foreclosure of Mortgage, and for Injunction to stay Waste.*

1. *Evasive denials in answer to bill in equity.*—A bill in equity praying an injunction to stay waste, and also for a foreclosure of a mortgage, alleged that certain persons named, and others, who are unknown, "with the consent and connivance of said mortgagor, are now cutting, hauling, and removing the trees and timber from said above-described land," for sale and shipment, "and, unless restrained and prevented, said land will be greatly depreciated in value," etc. The mortgagor, in his answer, filed two weeks afterwards, "denies that" the persons named, "together with other parties, unknown to oratrix, with the consent and connivance of said mortgagor, are now cutting and hauling and removing the trees and timber from said above described land, to be shipped and sold," etc. Held, that this denial did not traverse the allegations of waste.

2. *Admission of ex parte affidavits, on hearing of interlocutory motion to dissolve injunction.*—Upon the hearing of an interlocutory motion to dissolve an injunction to stay waste, ex parte affidavits, offered by the complainant, in support of the averments of waste, may be received and read.

3. *Fiat for injunction before bill filed.*—The granting of an order for an injunction before the bill has been filed in court is a mere irregularity, which is waived by a motion to dissolve the injunction after answer filed.

APPEAL from the Chancery Court of Covington.
Heard before the Hon. JERE N. WILLIAMS.

STALLWORTH & BURNETT, and B. H. LEWIS, for appellant.—1. The bill contained equity, and the respondents were not entitled to a dissolution upon the first ground mentioned in the motion. 2. Upon the hear-

ing of a motion to dissolve an injunction restrain
ing waste, affidavits should be received to contra-
dict the answer, where the injury would be irreparable.
*Long v. Brown*, 4 Ala. 622; Daniell's Chancery Pleading
& Prac. (Perkins' ed.), pp. 17, 87 & note 2.  3. The
answer does not deny the facts of waste alleged in the
bill.  It merely denies that the facts alleged were true
when the answer was filed.

P. N. HICKMAN, *contra*.—Where the answer positively
denies the averments of the bill, the general rule is that
a temporary injunction must be dissolved; the excep-
tion being where irreparable mischief will follow, or the
intervention of special circumstances, which will take
the case out of the rule.—*Satterfield v. John*, 53 Ala. 127;
*Weems v. Weems*, 73 Ala. 482; *Elliott v. Sibley*, 101 Ala.
344.  There is nothing in this case to take it out of the
general rule.  The *fiat* of the Circuit Judge was endorsed
upon the bill before it was actually or constructively
filed in court.  This was an irregularity, which author-
ized a dissolution of the injunction, because the suit was
not pending at the time the order was made.

COLEMAN, J.—The appellant, as mortgagee, filed
her bill, in which was prayed an injunction to stay
waste, and also for a foreclosure.  At the time of the
filing of the bill the law day of the mortgage had not
expired.  A temporary injunction issued in accordance
with the prayer of the bill.  The respondents answered
the bill, and moved for a dissolution of the injunction
upon the grounds: First, that there was no equity in
the bill; and, second, upon the denials of the answer.
It is not necessary to consider the first ground.

After setting out the mortgage, and describing the
lands mortgaged by numbers, the bill avers that the
lands "are wild lands, with no valuable improvements
thereon, and have a fine growth of large pine timber
standing on it, and is valuable chiefly for said timber;
*  *  * and that said lands, after being divested of
said timber, will not, at a fair sale, bring anything near
the amount of complainant's debt, and that the respond-
ent, Ezekiel Watson, is insolvent."  The bill further
avers that John Teel and W. J. Hart, and others, who
are unknown, "with the consent and connivance of said

Ezekiel Watson, mortgagor, are now cutting, hauling and removing the trees and timber from said above described land," for sale and shipment, "and unless restrained and prevented, said land will be greatly depreciated in value," &c.  The answer of Ezekiel Watson, which was filed some two weeks after the filing of the bill, after fully admitting the debt and the execution of the mortgage, denies his insolvency, denies that the lands are chiefly valuable for the timber, and that the security would be insufficient for the debt.  The charge of waste averred in the bill is denied in the following language : "He denies that John Teel and W. J. Hart, together with other parties unknown to oratrix,  *  *  * with the consent and connivance of said Ezekiel Watson, mortgagor, are now cutting and hauling and removing the trees and timber from said above described land  *  *  * to be shipped and sold ;" "and denies that said land will be greatly depreciated in value," &c.

The denials of the answer in regard to the cutting and removing the timber and trees might be literally true, and yet not controvert a single averment of fact made by the bill on this question.  The bill avers that certain parties, with the consent and connivance of the mortgagor, were engaged in cutting and removing the trees and timber.  Even under this allegation the complainant is not confined to the moment or day of the filing of the bill.  The respondent, in his answer, filed two weeks afterwards, adopts the precise language of the bill, and denies that the facts are true at that time,—the time of filing the answer,—and does not traverse the allegations of the bill.  It is well settled that a respondent must confess or traverse the substance of the averments of a bill, and that a literal denial is not enough ; nor can he shelter himself by the use of equivocal, evasive or doubtful terms.—*Grady v. Robinson*, 28 Ala. 289 ; *Savage v. Benham*, 17 Ala. 119 ; *Rembert v. Brown*, 17 Ala. 667.

At the hearing of the motion the plaintiff offered in evidence several affidavits in support of the averments of waste, and which affidavits were excluded by the court.  The rule in regard to the admission of *ex parte* affidavits upon the hearing of interlocutory motions is not so strict as formerly.  Such affidavits are not evidence upon the merits of the cause; but are used merely

to enlighten the mind and conscience of the court, upon questions calling for action in advance of legal testimony. We are not aware, however, that the rule excluding *ex parte* affidavits prevails in any case where the application is to enjoin waste.—*Lang v. Brown*, 4 Ala. 622, 631, 632. They may also be received and read upon the hearing of a motion to dissolve injunctions issued to stay waste.—2 Daniell's Ch. Pr. § 1668, and authorities cited in note.

The argument of the appellant that the injunction was ordered before the filing of the bill is not borne out by the indorsement of the judge who granted the order. At most, if true, it was a mere irregularity, waived by the motion to dissolve the injunction.—*Ex parte Sayre*, 95 Ala. 288.

The court erred in dissolving the injunction A decree will be here rendered reversing and annulling the decree dissolving the injunction, and an order made reinstating the temporary injunction, and the cause will be remanded.

Reversed, rendered in part, and remanded.