# Morrissett, Ex'r, v. Carr.

*Action of Trover.*

1. *Evidence; objections to illegal testimony not waived by cross-examination.*—In the trial of a case, where facts testified to by a witness are erroneously admitted as evidence, against

[Morrissett, Ex'tr v. Carr.]

the objection of one of the parties litigant, such party, by the cross-examination of the witness as to the facts erroneously admitted in evidence, does not waive his objection to the illegal testimony.

2. *Same; ownership of personal property, a fact to which witness may testify; cross examination.*—The ownership of personal property is a fact to which a witness may testify, and on cross examination such witness can be required to state the particular facts on which the claim of ownership rests; but if, on such cross examination, the witness testifies to facts to prove the ownership, which are illegal and inadmissible in evidence, his testimony as to ownership should be excluded.

3. *Same; same; same; case at bar.*—In an action of trover by an executor, where the defendant testifies, against plaintiff's objection, that he was the owner of the property alleged to have been converted, and on cross-examination, in response to a question asked him by plaintiff as to how he became the owner, he replied that he became the owner by virtue of a purchase from the plaintiff's testator in his life time, such a response is, under the statute, (Code of 1896, §1794), illegal and inadmissible in evidence; and, therefore, while the answer as to his being the owner of the property is, standing alone, admissible, when, upon cross-examination it was shown that his proof of ownership was dependent upon illegal testimony, and upon facts which are incompetent in evidence, both answers should be excluded.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

E. P. MORRISSETT, for appellant.—The testimony of the defendant as to how he became the owner of the property alleged to have been converted, was incompetent and inadmissible.—Code of 1896, §1794; *Wood v. Brewer,* 73 Ala. 262; *Miller v. Cannon,* 84 Ala. 63. It is no answer to the objection that the incompetent evidence was brought out by the plaintiff on his cross-examination. While a witness may testify to the fact of ownership, on cross-examination he may be required to state the particular facts on which the asserted ownership rests.—*Daffron v. Crump,* 69 Ala. 79; *Scarborough v. Blackman,* 108 Ala. 656.

W. W. PEARSON, contra, cited *Gamble v. Whitehead,*

94 Ala. 335; *Scarborough v. Blackman,* 108 Ala. 656; *Frank v. Thompson,* 105 Ala. 211.

COLEMAN, J.—The appellant, as executor of the will of B. L. Barksdale, sued the appellee in trover, to recover for the conversion of a certain lot of corn and cotton. That plaintiff's intestate and defendant entered into a contract for and during the year 1895, by the terms of which they became tenants in common of the crops and corn to be raised that year, seems to have been conceded by both parties, and we will consider the assignments of error on this assumption. Inferentially from other facts in the case, we conclude that Barksdale died sometime between the last day of October, 1895, and January, 1896. It was admitted that at the close of the year 1895, the defendant had on hand, of the crops grown during that year under the agreement, cotton seed and corn, which he converted and appropriated to his own use, before suit was brought. After the plaintiff had closed his testimony, the defendant testified in his own behalf. He was asked by his counsel: "Who owned the corn and cotton seed in controversy?" The plaintiff objected to the question. The court overruled the objection and plaintiff excepted. The witness answered, "I own it." The plaintiff moved to rule out the answer, which motion was overruled, and plaintiff excepted. The plaintiff then, on cross-examination, asked the witness, "How he became the owner of all this property?" The witness answered, "that about the 17th of August, 1895, he bought from Barksdale his interest in the property and paid him for it. That in this way he became the owner." The plaintiff then moved the court to exclude the answer of the witness from the jury, because it was illegal and inadmissible, as it was testimony relating to a transaction by a party with a deceased person, whose estate was interested in the result of the suit. The court denied the motion, and admitted the evidence, and plaintiff excepted. These exceptions constitute the material assignments of error.

If on his examination in chief, the defendant had been asked by his counsel, to state whether there was any transaction between him and Barksdale, during the lifetime of the latter, by which he became the owner of the property, and if so, to state what that transaction was,

we have no doubt the court would have promptly sustained an objectiont to such a question and evidence; and we are further satisfied, that if the defendant had offered no other evidence in support of his claim to the property than that of his own testimony relative to the transaction with Barksdale, the court would have held it incompetent and insufficient. The statute and authorities are too clear upon this question.—Code of 1896 §1794, and cases cited.

It is true, under our decisions, that title to and ownership of property may consist of collective facts, or a conclusion from collective facts, to which a witness may testify, but such a rule was never intended to prevent the adverse party, by cross-examination, from bringing out the constituents or details of the collective fact, and expose their incompetency and the illegality of the conclusion testified to.—*Daffron v. Crump,* 69 Ala. 77. The wholesome purpose of the statute, which prohibits one party to a suit from testifying to transactions with a deceased party, in which the estate of the latter is interested, cannot be evaded by resorting to a rule of evidence intended merely to facilitate trials. It is well settled, and rests on a sound principle of practice, that the rule which prohibits a party from reserving an exception to illegal evidence brought out by himself, has no application to a cross-examination confined to the facts erroneously admitted as evidence against his objection. *Scarborough v. Blackman,* 108 Ala. 656.

We do not decide that the court erred in the first instance, in permitting the witness to testify that he owned the property. On its face, this evidence was competent. But when on cross-examination the witness stated that he became the owner, by virtue of a purchase from Barksdale in his lifetime, and his ownership or evidence of purchase was dependent upon his testimony to establish the transaction, it became apparent that the statement that he was the owner, was illegal and inadmissible, and should have been excluded.

Reversed and remanded.