# Dean, Admr. *et al.* v. Oliver.

*Bill in Equity to Cancel Deed for Fraud.*

1. *Equity jurisdiction; cancellation of deed for fraud; right must be asserted promptly.*—Before a court of equity will rescind a contract or cancel a deed because of fraud or fraudulent representation in its procurement, there must be established fraud by clear and convincing evidence, and the party seeking relief must be diligent in the ascertainment of the fraud and must assert the right to the rescission or cancellation with promptness after such ascertainment.

2. *Same; same; same; case at bar.*—Complainant deeded land to defendant's intestate in November, 1895, and filed a bill to cancel the same in January, 1899, alleging that the sole consideration was the vendee's promise to convey certain other land to him, and that he did not intend at the time to do so.

[Dean, Admr. *et al* v. Oliver.]

and had never done so. It did not appear that complainant had ever requested a deed from the vendee up to the time of his death, over two years later, or that he ever made known to the vendee's administrator his claim against the estate until November, 1898, when the land was sold to pay the vendee's debts. The complainant did not show when complainant first ascertained that his vendee did not intend to execute the deed as promised. *Held*: That in such a case the complainant had failed to make it appear that he acted with reasonable diligence to ascertain the alleged fraud and was prompt to avail himself of the rescission or cancellation in consequence thereof, and that, therefore, he was not entitled to the relief prayed for.

APPEAL from the Chancery Court of Perry.

Heard before the Hon. THOS. H. SMITH.

The bill in this case was filed by Morgan Oliver against P. J. Dean, as administrator of A. W. Oliver and J. L. Blackburn to cancel a deed made by complainant to Dean's intestate.

The deed of the complainant Morgan Oliver and wife to A. W. Oliver, to the land in question, was executed on the 19th November, 1894, and the bill was filed on the 25th January, 1899. The consideration for the conveyance, as alleged therein, was seventy-five dollars; but the bill alleges, that the consideration was "that the said Oliver, promised, verbally, to execute and deliver a deed to complainant, legally conveying to him twenty acres of land, about two miles from the land above described (mentioned in the deed of complainant to said Oliver), and that the promise to convey said twenty acres to complainant, was the only consideration for said deed from complainant to said Oliver." It further alleges that said Oliver never complied with said promise, and never paid complainant any money or other thing for said land, and that said Oliver died on the 18th of July, 1897. It is further averred that when said deed from complainant and wife was executed and delivered to said Oliver, the latter went into possession of said lands so conveyed to him.

It is further averred, that P. J. Dean, was duly appointed the administrator of the estate of said Oliver, by the probate court of Perry county, Alabama, on the

24th day of August, 1897, and is now acting as such administrator; that said administrator under an order of the probate court of said county, advertised and sold said lands, with other lands of his intestate, on the 12th of November, 1898, for the purpose of paying the debts of the intestate; that complainant went into possession of said lands, and has been in possession of the same for more than twelve months next prior to the filing of the bill, and that he was in possesson of them at the date of said sale; that complainant attended said sale, and gave notice that he owned and was in possession of said land, and that the purchaser would buy a law suit; that J. T. Blackburn purchased said land at said sale and claims the same under his said purchase.

By an amendment to the bill, it was averred "that said Oliver, at the time he made said promise, had no intention of performing such promise, and no part of said promise has ever been performed."

The prayer of the bill was, that said deed be delivered up and cancelled, and that the court by decree prevent said Blackburn or Dean, as administrator, from commencing or prosecuting any suit at law, against complainant for the recovery of said lands, and for general relief. It was not averred who were the heirs of said Oliver, or that his estate had been declared insolvent, or that any demand had ever been made by complainant on said Oliver, in his lifetime, or on his administrator since his death, for a deed to the 20 acres of land it is averred said Oliver promised to convey to complainant.

The defendants answered, demurred on several grounds, and moved to dismiss the bill for want of equity. The chancellor overruled the motion to dismiss, and the demurrer. From the decree overruling the motion to dismiss and the demurrer, the defendants appeal, and assign the rendition thereof as error.

J. H. STEWART, for appellant, cited *Juzan v. Toulman*, 9 Ala. 662; *Bailey v. Litten*, 52 Ala. 284; *Smith v. Bank*, 21 Ala. 125; *Henderson v. Mabry*, 13 Ala. 713; *Teague v. Martin*, 87 Ala. 500; *Turnley v. Hanna*, 67

Ala. 101; *Echols v. Hubbard,* 90 Ala. 311; Code of 1896, § 2127.

W. T. HENDON, *contra,* cited *Baker v. Maxwell,* 99 Ala. 563; *Smith v. Gillam,* 80 Ala. 300; *Bizzell v. Nix,* 60 Ala. 283.

HARALSON, J.—The bill is not filed to enforce a vendor's lien, to compel payment of unpaid purchase price of land which had been conveyed, nor to remove another deed as a cloud on complainant's title, but, from its frame and prayer it is one for the rescission of complainant's own deed to defendant's intestate, A. W. Oliver, on account of the fraud alleged in its procurement.

In *B. W. & E. Co. v. E. L. Co.,* 93 Ala. 549, it is said: "A promise, strictly speaking, is not a representation. The failure to make it good may give a cause of action, but it is not a false representation, which will authorize the rescission of a contract.  *  *  *  The making of a promise, and having no intention at the time of performing it, constitutes a fraud for which a contract may be rescinded." It was evidently under this authority that complainant, who had originally alleged no fraud, amended his bill to meet demurrer on that ground, alleging that "said A. W. Oliver, at the time he made said pormise [to convey 20 acres of land of his own to complainant as a consideration for the conveyance of said 10 acres by complainant to him], had no intention of performing said promise, and no part of said promise has been performed."—*Baker v. Maxwell,* 99 Ala. 558; *Manning v. Pippen,* 95 Ala. 537. In the latter case, the principle was announced, that if a person procures the execution of a conveyance of land by promising to devise the land by will to the grantor, having at the time no intention to do so, and afterwards dies intestate, the fraud will vitiate the transaction and a court of equity will grant relief against the conveyance; but the fraud must be established by clear and convincing evidence, and relief must be sought seasonably after the discovery of the fraud. Equity in such a case, to accomplish its ends, declares the grantee to be a trustee *ex maleficio,*

and will devest the title for the fraud in procuring it. *Manning v. Pippen,* 86 Ala. 357.

The right to rescind a contract because of fraud or fraudulent representations, to be available, must be asserted with promptness. He who would rescind must act promptly, both to ascertain the fraud, and in the assertion of his right to rescind. There must be no unnecessary delay as to either.—*Allgood v. Bank of Piedmont,* 115 Ala. 418; *Coleman v. Bank,* 115 Ala. 307.

Here, at the time of the alleged trade for the exchange of lands, as the bill shows, the complainant executed his deed to Oliver, and delivered possession to him contemporaneously with the delivery of the deed. Why the purchaser, Oliver, did not convey the 20 acres to complainant agreed to be conveyed by him, in exchange of lands, and as consideration for the conveyance he received, is not shown; nor is it shown that complainant, in the lifetime of Oliver,—who died in July, 1897, about two years and eight months after the trade between them,—ever requested said Oliver to execute a conveyance to him, or that he ever refused to do so.

It further appears, that the defendant, Dean, was duly appointed administrator of the estate of said Oliver, on the 24th August, 1897, and, afterwards, proceeded in the probate court to have the lands of his intestate, including the ten acres mentioned in the bill, sold for the payment of the debts of the deceased, and on the 12th of November, 1898, they were sold for that purpose under the orders of said court, at which sale, the defendant, J. T. Blackburn, became the purchaser of said land under said decree. It does not appear, that prior to the day of said sale, the complainant had ever made known to the administrator, Dean, that he had any claim to said land, nor that he offered in any way to him, to rescind the sale, by which Dean's intestate procured title to the same from complainant. On the day of sale, all that is shown that complainant did, was to give notice, that he owned and was in possession of said land, and whoever purchased it would buy a law suit. He did not, then, make known his rights to the land, except in the general way that he owned it, nor did he, on the occasion, make known his alleged right

to rescission of his trade with Oliver, on account of the alleged fraud the latter had practiced on him; and this was over four years after the date of his conveyance to the deceased. Prior to that date, it does not appear, that Dean, the administrator, ever had any knowledge or actual notice, that complainant set up any claim to the land in question.

The complainant does not allege when he first ascertained that Dean's intestate, at the time he received from him said conveyance to the land in question, had no intention to execute a deed to complainant to the 20 acres he promised to convey. Nothing besides the bald averment, that at the time he made said promise he had no intention of performing it, appears. Under all these conditions the complainant has failed to make it appear that he acted with reasonable diligence to ascertain the alleged fraud, and to avail himself of a rescission in consequence of it.—Authorities *supra.*

From the averment of facts, the bill fails on its face to show equity, and it being manifest from what appears that the complainant is not entitled to equitable relief, the motion to dismiss on that ground should have been sustained. A decree will be here rendered reversing the decree below and dismissing the bill for want of equity.—*Blackburn v. Fitzgerald,* 130 Ala. 584.

Reversed and rendered.

