[Griswold, et al. v. Griswold, et al.]

# Griswold, *et al. v.* Griswold, *et al.*

*Ejectment.*

(Decided Nov. 27th, 1906.  42 So. Rep. 554.)

1. *Deeds; Delivery; Deposit for Delivery on Death of Grantor.*—
   Where a grantor delivers a deed to a third person without
   reserving any control over it, express or implied, with direc-
   tions to deliver it to the grantee at his death, this a valid de-
   livery.
2. *Wills; Nature; Distinguished, from Deed.*—If there has been a
   valid delivery, an instrument purporting on its face to be a
   deed, in the absence of any proof from which a contrary in-
   tention could be inferred, is a deed and not a will, though
   there was evidence that the grantor said to the draftsman
   that he wished to make a will.
3. *Ejectment; Documentary Evidence.*—The will devising the prop-
   erty to defendant not having been probated and proven, can-
   not operate to defeat plaintiff's right to recover in ejectment,
   when plaintiff's title would otherwise prevail.

APPEAL from Bullock Circuit Court.

Heard before HON. A. A. EVANS.

This was an action of ejectment, begun by S. B. Gris-
wold and others, to recover an undivided six-fourteenths
interest in certain lands described in the complaint. It
was originally brought against Kinchen Griswold, and
on his motion C. C. and B. B. Griswold were made par-
ties defendant as landlord and as owners of the undi-
vided interest. It was agreed that J. J. Griswold on
and prior to May 12, 1896, was the owner of the lands
in dispute, and was in possession of the same at the date
of his death. It was further agreed that the defendants
were in possession of all of the lands sued for, claiming
the same as their own, prior to and at the time of the
commencement of this action. It was shown by the tes-
timony that plaintiffs and defendant were the children
of said J. J. Griswold. The following paper was intro-
duced in evidence: "State of Alabama, Bullock County.

Know all men by these presents that I, John J. Griswold, for and in consideration of the love I have for my sons Kinchen B. Griswold, Ben B. Griswold, and Charlie C. Griswold, do give, grant, and by these presents convey unto the said Kinch, Ben B., and Charlie Griswold, my sons, the following described real estate: (Here follows a description of the land sued for.) All in Bullock county, Ala. The above parties are to draw for their own share. Sol's house goes to E. 80, and two acres of land where the house stands. Simon's house goes to W. 80, and two acres of land where the house stands. (Signed) J. J. Griswold|" Attested by two witnesses. The evidence tended to show that the grantor spoke of this as a will. The evidence further tended to show that he delivered it to one of his daughters, to be given to the proper parties after his death. There was evidence also tending to show that the paper was placed in a tin box where the grantor kept his valuable papers, and after his death was taken out by a daughter and delivered to the defendants. At the conclusion of the testimony the court gave the plaintiffs the affirmative charge.

R. L. HARMON and D. S. BETHUNE, for appellant.—On the question of delivery of the deed we call the court's attention to the following authority.—9 A. & E. Ency. of Law, (2nd Ed.) p. 157; 11 A. & E. Ency. of Law, (2nd Ed.) pp. 346-7 and notes; *Foster v. Mansfield*, 37 Am. Dec. 154; *Wheelright v. Wheelright*, 3 Am. Dec. 66; *Hatch v. Hatch*, 6 Am. Dec. 67; *Pruitt v. Ashford*, 90 Ala. 301; *Davis v. Clarke*, 58 Kan. 100; *Arrington v. Arrington*, 122 Ala. 516; *Berry v. Young*, 35 Am. St. Rep. 186; *Stephens v. Rinehart*, 72 Pa. St. 433; *Hathaway v. Payne*, 34 N. Y. 92; *Stone v. Duvall*, 77 Ill. 475; *Stephens v. Huss*, 54 Pa. St. 20; Sec. 1029, code 1896. See also note on page 553, 53 Am. St. Rep.

J. D. NORMAN, for appellee.—In determining the character of the conveyance, it is competent to ascertain what occurred at the time it was signed.—*Sharpe v. Hall*, 86 Ala. 114. The intention of the maker is the ultimate object of the inquiry.—*Crocker v. Smith*, 94

[Griswold, et al. v. Griswold, et al.]

. Ala. 297. The facts surrounding this case indicate a testamentary intention.—2 cases supra. Under the following authorities, there was no delivery of the deed.— *Fitzpatrick v. Brigman,* 130 Ala. 454; *Richardson v. Woodstock Iron Co.,* 90 Ala. 270; *Weisinger v. Cook,* 19 Am. St. Rep. 320; 9 A. & E. Ency. of Law, (2nd Ed.) p. 135, and note on page 156.

ANDERSON, J.—While there was evidence that the grantor to the deed, who is the father of all the parties, informed the draftsman of the instrument that he wished to make a will, it is in form a deed; and, conceding that he signed it, knowing what it was, the question of delivery arises. "A grantor may deliver a deed to a third person, to hold until the grantor's death and then to deliver it to the grantee. Such a delivery is perfectly valid; but the deed must be left with the depository without a reservation by the grantor, express or implied, of the right to estop it or otherwise control its use."—9 Am. & Eng. Ency. Law, 157, and numerous authorities there cited. Our own court, in the case of *Fitzpatrick v. Brigman,* 130 Ala. 450, 30 South. 500, speaking through Justice Tyson, said: "For so long as he reserves to himself the locus penitentiae, there is no delivery—no present intention to divest himself of the title to the property. We take it that the grantor need not expressly reserve to himself this right to repent; but if his act, upon which a delivery is predicated, does not place the deed beyond his control as matter of law, then his right of revocation is not gone."—*Frisbie v. McCarty,* 1 Stew. & P. 56; *Foster v. Mansfield,* (Mass.) 37 Am. Dec. 154. There was evidence from which the jury could infer such a delivery of the instrument as the law requires to make it operate as a deed, and this question should have been submitted to them. The trial court properly refused the general charge requested by the defendants, and erred in giving the one requested by the plaintiffs.

Our attention is called in brief of appellee's counsel to the case of *Richardson v. Woodstock,* 90 Ala. 270, 8 South. 9 (9 L. R. A. 348), and especially to the following expression in the opinion: "A deed cannot be de-

16

livered after the death of the grantor." This expression is in complete harmony with this opinion and all authorities on the subject. Of course, there could have been no valid delivery after the death of the grantor by either of the daughters, unless there was a valid delivry from the grantor to them, or one of them. There is nothing in the *Richardson Case, supra,* to prevent a valid delivery of a deed by a grantor to a third person, to hold and deliver to the grantee after the death of the grantor.

It is suggested by counsel for appellee that the instrument in question is a will, and not a deed, and, if such is the case, would not defeat plaintiff's right to recover the land. If the instrument was intended as a will, and not a deed, not having been probated and proven, it could not operate to defeat the plaintiff's recovery. "The general characteristics which distinguish deeds from wills have been repeatedly declared; yet no definite, uniform test has been stated by which to determine the character and operation of each particular instrument, and none can well be. The intention of the maker is the ultimate object of inquiry— whether it was intended to be ambulatory and revocable, or to create rights and interests at the time of execution which are irrevocable. If the instrument cannot be revoked, defeated, or impaired by the act of the grantor, it is a deed; but if the estate, title or interest, is dependent on the death of the testator—if in him resides the unqualified power of revocation—it is a will." —*Crocker v. Smith,* 94 Ala. 295, 10 South. 258, 16 L. R. A. 576; *Jordan v. Jordan,* 65 Ala. 306; 30 Am. & Eng. Ency. Law, 577.

The instrument upon its face purports to be a deed, but there is evidence that the grantor told the draftsman that he wished to make a will; yet, in the absence of any proof from which a contrary intention could be inferred, the instrument should be treated as a deed, provided there was such a delivery as is essential to constitute a valid delivery under the rule heretofore declared. It would therefore seem that, if the grantor made an irrevocable delivery of the instrument, it operated to pass the title to the grantees, and was a deed;

[Dennis v. Price.]

and this would be the case, notwithstanding it was not to be delivered to the grantee until after his death. If it was a deed, the title of the defendants should prevail. If there was no valid delivery, it could not operate as a deed and defeat plaintiffs' right to recovery. In case the jury should find that it was never delivered, so as to make it a valid deed, then it is needless for us to decide whether or not it is a will, as that is a question to be settled in another forum. If a will, it would not avail the defendants in the case at bar, not having been probated and proven.

For the errors above designated, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

TYSON, C. J., and DOWDELL, and MCCLELLAN, JJ., concur.