# Rickert v. Touart.

## Ejectment.

(Decided Nov. 16, 1911. 56 South. 708.)

1. *Trial; Directing Verdict.*—Where, from the evidence. certain material questions are for the decision of the jury, the affirmative charge cannot properly be given.

2. *Deeds; Delivery.*—A delivery of a deed may be either actual or constructive.

3. *Same; Jury Question.*—Where the question of the grantor's intention as to the delivery of a deed is material it is usually a question for the jury to determine.

4. *Same; Evidence.*—The fact that a deed was duly acknowledged and recorded is a circumstance for consideration upon the question of the grantor's intention of delivery.

5. *Same; Validity.*—The fact that a grantee had possession of the will of the grantor after her death, and did not destroy it, after obtaining a deed conveyed to her the lands devised by the will, is a circumstance which may be considered in determining whether the deed was obtained by fraud.

6. *Charge of Court; Covered by Those Given.*—Requested charges which are covered by requested instructions given may be refused without error.

7. *Same; Undue Prominence; Particular Matters.*—Where the question of the delivery of a deed was in issue, charges asserting that the fact that a certain witness signed the deed as a witness cannot be considered as evidence that the grantor intended that the deed should be delivered during her lifetime, or that such deliveries were in fact made, gave undue prominence to parts of the evidence, and was properly refused.

8. *Appeal and Error; Harmless Error; Instructions.*—An instruction which singles out parts of the evidence and gives undue prominence to same or which might be considered misleading, may be given without error, if otherwise correct.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

[Rickert v. Touart.]

Ejectment by Anna Rickert against Kate Touart. From a judgment for defendant, plaintiff appeals. Affirmed.

Plaintiff claimed title under the will of Mary Rodrigues made in 1879 and admitted to probate in 1907, seven years after her death on August 25, 1900, while defendant claimed under two conveyances, each executed August 23, 1900, one of which was made to Margaret Wall.

The assignment of errors challenges the correctness of the trial court's rulings as to such charges. The affirmative charge and charges 3 and 5 were duplicated in other charges given. Charge 2 refused defendant was as follows: "The court charges the jury that the fact, if it is a fact, that Dr. Thomas signed the deed in question, from Mary Rodrigues, as a witness, cannot be considered by the jury as evidence that Mary Rodrigues intended that the deed should be delivered during her lifetime, or that such deliveries were in fact made." (4) "The court further charges the jury that while they can look to the fact that Dr. Thomas signed the deed from Mary Rodrigues which are in question, as a witness for the purpose of determining whether Mary Rodrigues in fact signed the deed, they cannot consider the fact as evidence tending to show that the deed should be delivered during her lifetime or that they were in fact so delivered." The following charge was given at the request of defendant: "If Margaret Wall had possession of the will after the death of Mary Rodrigues, and kept the same and did not destroy it, after getting the deed from Mary Rodrigues, this would be a circumstance which the jury might consider in determining whether or not she obtained the deed by fraud."

GREGORY L. & H. T. SMITH, for appellant. There are two reasons why the appellant was entitled to the af-

firmative charge. 1st, because it was affirmatively established that the grantor was unconscious at the time the deed was said to have been executed, and 2nd, because there was no evidence of a sufficient delivery of the deeds. The fact that the deeds were acknowledged was not evidence of the mental status of the grantor.— *Thompson v. N. E. M. & S. Co.*, 110 Ala. 408. The evidence was not in doubt upon the subject of delivery, but shows exactly what was done. A deed cannot be delivered until it is executed, and hence, a certificate of a notary public, and the signature of the witness could not possibly constitute evidence of the fact that after the certificate had been made, and the signature of the witness attached the grantor authorized this delivery. —*Boyd v. Slayback*, 63 Cal. 493; *Turner v. Carpenter*, 83 Mo. 333; *Shattuck v. Rodgers*, 38 Pac. 280; *McElroy v. Hiner*, 24 N. E. 435; *Russian v. Shields*, 11 Ga. 640. It appears that while the deed was recorded, the grantor never spoke or left her bed after its execution.—*Fitzpatrick v. Brigman*, 130 Ala. 450. Under the evidence in this case it seems clear that appellant was entitled to the general charge on both the grounds stated.—*So. Ry. Co. v. Lollar*, 135 Ala. 375; *Bir. Ry. Co. v. Owens*, 135 Ala. 154; *Bir. E. Co. v. Clay*, 108 Ala. 233; *Teague v. Bass*, 131 Ala. 424. The burden of proof to show a delivery of a deed rests upon the party claiming under it.—*Moore v. Collins*, 15 N. C. 384; *Burkholder v. Casad*, 47 Ind. 418; *Boyd v. Slayback, supra; Shattuck v. Rodgers, supra.* The recording affords no evidence of delivery.—*Barr v. Schroeder*, 32 Cal. 609; *Catskill v. Sevier*, 25 Ark. 152. On these authorities, it is insisted that the charges given for the appellee and refused to appellant was error.—*Griswold v. Griswold*, 148 Ala. 241; *Fitzpatrick v. Brigman, supra.* The court erred in refusing the charges as to the effect of the signature of the witness to the deed.—Authorities supra.

L. H. & E. W. Faith, and Tisdale J. Touart, for appellee. The evidence is not different on this trial from that considered on former appeal.—*Touart v. Rickert,* 163 Ala. 362. On the authority of this case, the court properly denied to appellant a direction of the verdict, and refused motion for new trial.—*Stevens v. Leonard,* 56 N. E. 27; *Ford v. Osborn,* 12 N. E. 526; *Smith v. McGuire,* 67 Ala. 34; *Miller v. Marx,* 55 Ala. 322; *Russell v. Holman,* 156 Ala. 430. On the question of delivery see.—*McLure v. Colclough,* 17 Ala. 96; *Arrington v. Arrington,* 122 Ala. 315; *Fitzpatrick v. Brigman,* 130 Ala. 454; *Napier v. Elliott,* 146 Ala. 215. This question was properly submitted to the jury.—*Gregory v. Walker,* 38 Ala. 33; *Ellsberry v. Boykin,* 65 Ala. 340; *Elston v. Comer,* 108 Ala. 76; *Gulf Red C. Co. v. O'Neal,* 131 Ala. 17; *Chancellor v. Teal,* 141 Ala. 634. Charges refused to the appellant were each covered by a requested charge given.—*Parker v. The State,* 165. Ala. 1; *B. R. L. & P. Co. v. Girard,* 164 Ala. 10. Charges which single out particular phases of the evidence and given undue prominence to them are properly refused.—*L. & N. v. Perkins,* 144 Ala. 325; *L. & N. v. Price,* 159 Ala. 213. The 3rd and 5th charge were each abstract.—*Ala. S. L. Co. v. Hogue,* 164 Ala. 657.

DOWDELL, C. J.—This is the second appeal in this case; the first to be found reported in 163 Ala. 362, 50 South. 896.

The rights of the plaintiff and the defendant respectively hinge upon the validity vel non of the deed offered in evidence by the defendant from Mary Rodrigues, the common source of title, to Margaret Wall. This was attacked by the plaintiff on the trial for fraud in its execution. On this question, the evidence in the last trial is not materially different from what it was on the former trial.

[Rickert v. Touart.]

We are not disposed to depart from what was said and ruled on the former appeal. The case of *Thompson v. New England Mortgage & Security Co.,* 110 Ala. 408, 18 South. 315, 55 Am. St. Rep. 29, cited in brief and argument of counsel for appellant, is not in our opinion, as contended by counsel, in conflict with our ruling on former appeal in this case. In the cited case, the court undertook only to decide what statements contained in the officer's certificate of acknowledgment were *conclusive* and what were *not conclusive,* in the absence of duress or fraud. It was not intended to decide, where there is an issue of fraud involved in the execution of the instrument, that unessential statements in the certificate are not admissible, and not to be considered as any other attendant circumstance. As stated on the former appeal: "Under the rule laid down in the recent case of *Russell v. Holman,* 156 Ala. 432 (47 South. 205), the certificate of the notary public, attached to the deeds, 'was entitled to be considered by the jury as evidence of the facts recited therein.'"

The inferences afforded by the statements made in the certificate were matters for the jury, and in such cases the giving of the general affirmative charge would be improper.

Delivery of a deed may be actual or it may be constructive, and, wherever the intention of the grantor as to delivery becomes as essential question, it is one of fact that properly belongs to the determination of the jury. Under all of the evidence in the present case the question of the delivery of the assailed instrument was one for the jury, and could not be determined as a matter of law, on the general charge.

In *Fitzpatrick v. Brigman,* 130 Ala. 456, 30 South. 502, it was said: "If it (the deed) is duly acknowledged and recorded (and such was true in the case be-

.fore us), the presumption of delivery attaches, which can be repelled only by evidence of actual dissent of the grantee."

That the deed in the present case was duly acknowledged and recorded was certainly a circumstance in evidence to be considered by the jury upon the question of delivery, and a charge withdrawing this from the jury would be improper. The trial court committed no error in refusing the general charge requested by the plaintiff.

There were several other written charges refused to the plaintiff.

As to charges 3 and 5, it is sufficient to say, apart from any other consideration, that every proposition of law asserted in these charges was given to the jury in other charges given by the court at plaintiff's request. In other words, they find substantial duplication in other charges given.

Charges 2 and 4, refused, were faulty in singling out and giving undue prominence to particular parts of the evidence, if not otherwise bad.

While the charge given at the request of the defendant might have been refused for singling out particular parts of the evidence, yet this does not constitute the giving of it reversible error; neither does the fact that the charge was of misleading tendency constitute its giving reversible error. Otherwise the charge was free from objection. The question of fraud was an issue in the case, and the principle of law asserted in the given charge was correct.

Under the rule laid down in *Cobb v. Malone,* 92 Ala. 630, 9 South. 738, and so often adverted to and followed in subsequent cases by this court, we are not prepared to say that the trial court committed error in denying the motion for a new trial.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

All the Justices concur.