## CROSBY v. BALDWIN COUNTY.

1 Div. 750.

Supreme Court of Alabama

May 11, 1933.

Rehearing Denied June 22, 1933.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, and Hybart, Heard & Chason, of Bay Minette, for appellant.

Beebe & Hall, of Bay Minette, for appellee.

124

**THOMAS, Justice.**

This suit was for injunction against the county to prevent the opening of a public road through the pasture of the complainant.

The temporary injunction was dissolved after the sworn answer praying dissolution was filed and respective affidavits were offered in evidence, and hearing thereon.

The court rendered an opinion supporting the decree.

The questions raised are: (1) That appellee's affidavits offered in support of the sworn answer were not admissible; (2) that the deed from the common grantors—Alto Boyington and wife—to the county recited no consideration, and there was no delivery or acceptance to operate as a dedication.

The statute provides that a defendant may, in vacation, upon ten days' notice to the complainant, move to dissolve an injunction for want of equity (section 8302, Code); that upon the hearing of a motion to dissolve an injunction, the court may consider the sworn answer, whether the answer contains denials of the allegations of the bill or independent defensive matter, "and also 'such affidavits as any party may introduce.'" Henry v. Watson, 109 Ala. 335, 19 So. 413; Rice v. Davidson, 206 Ala. 226, 89 So. 600; Profile Cotton Mills v. Calhoun Water Co., 189 Ala. 181, 66 So. 50; Holcomb v. Forsyth, 216 Ala. 486, 489, 113 So. 516.

The clause to be considered is:

"This deed made the 7th day of December, 1925, between Alto Boyington and Anna Belle Boyington, (husband and wife) (parties) of the first part, and Baldwin County, Alabama, (party) of the second part, witnesseth, That the parties of the first part, by these presents do grant, deliver unto the said party of the second part all that real property in Baldwin County, Alabama, described as follows, towit: [describing the strip or right of way 15 feet wide]. This strip of land is deeded to Baldwin Co., Alabama, for use as a public road and is not to be closed or obstructed.

"Together with all appurtenances thereunto belonging to have and to hold forever and against any person lawfully claiming the same, said parties of the first part shall ever warrant and defend.

"In witness whereof, the parties of the first part hereunto set hand and seal the day and year first above written."

This deed was duly acknowledged and recorded.

■ In Houston v. Blackman, 66 Ala. 559, 562, 41 Am. Rep. 756, Mr. Chief Justice Brickell observes that: "In deeds of bargain and sale, the expression of any, the slightest consideration,—for instance, a pepper-corn even,—will support them, as between the parties. The only use and operation of the expression of a consideration, or the introduction of a clause reciting a consideration, is to prevent a resulting trust to the grantor, and to estop him from denying the making and effect of the deed for the uses therein declared.—Belden v. Seymour, 8 Conn. 304 (21 Am. Dec. 661); Meeker v. Meeker, 16 Conn. 383; Grout v. Townsend, 2 Hill (N. Y.) 554; Goodspeed v. Fuller, 46 Me. 141 (71 Am. Dec. 572); Souverbye v. Arden, 1 Johns. Ch. 240; Graves v. Graves, 29 N. H. [9 Foster] 129." London v. G. L. Anderson Brass Works, 197 Ala. 17, 19, 72 So. 359; Holcomb v. Forsyth, supra; 18 C. J. 177.

■ Dedication and acceptance within a reasonable time of a public highway must be clearly manifested by the act or acts of the owner and public. Harper v. State, 109 Ala. 66, 69, 19 So. 901. It is further declared by this court that where a deed is in the possession of the grantee the presumption (or prima facie) is that of delivery (Napier v. Elliott, 177 Ala. 113, 58 So. 435; Skipper v. Holloway, 191 Ala. 190, 67 So. 991); and the test of delivery of a conveyance is whether the grantor intended to reserve to himself the locus pœnitentiæ. If he did, there is no delivery and no present intention to divest himself of the title to the property. Griswold v. Griswold, 148 Ala. 239, 241, 42 So. 554, 121 Am. St. Rep. 64; Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 613, 53 So. 812; Powell v. Powell, 217 Ala. 287, 116 So. 139; Dawson v. J. A. Lindsey & Co., 223 Ala. 169, 171, 134 So. 662. That is, though delivery may be by the grantor handing the conveyance to the grantee, this is not nec-

essary to a valid delivery, and, when "the grantor's acts or words, or both, clearly manifest an intended delivery of the deed, the courts will give effect to the intent and declare the deed delivered." Perkins v. Perkins, 206 Ala. 571, 91 So. 256, 257.

█ It is further declared that to defeat a deed on the grounds of fraud in its procurement, the fraud must be established by clear and convincing proof. Stewart v. Stewart, 171 Ala. 485, 54 So. 604; Dean, Adm'r, v. Oliver, 131 Ala. 634, 30 So. 865.

The record fails to disclose that the grantors were unable or prevented from reading and understanding the effect of the instrument in question, or from understanding the nature and consequence of the act. Harris v. Bowles, 208 Ala. 545, 94 So. 757.

The question of dedication by act or acts, either verbally or in writing, and its acceptance, of a public highway, has been the subject of frequent consideration. Fort Payne Co. v. City of Fort Payne, 216 Ala. 679, 114 So. 63; City of Birmingham v. Graham, 202 Ala. 202, 79 So. 574; Stollenwerck v. Greil, 205 Ala. 217, 87 So. 338; Bessemer Land & Improvement Co. v. Jenkins, 111 Ala. 135, 148, 18 So. 565, 56 Am. St. Rep. 26; Forney v. Calhoun County, 84 Ala. 215, 220, 4 So. 153; Steele v. Sullivan, 70 Ala. 589; Gage & Co. v. Mobile & Ohio R. R. Co., 84 Ala. 224, 4 So. 415; Trammell v. Bradford, 198 Ala. 513, 73 So. 894; East Birmingham Realty Co. v. Birmingham Machine & Foundry Co., 160 Ala. 461, 49 So. 448.

██ Appellant and appellee claim from a common source; the former by deed of January 17, 1927, and the latter by deed of December 7, 1925, which was duly recorded on November 16, 1926. Thus appellant had constructive notice of the county's right and title. It is shown the road was constructed to the north boundary of the tract or right of way in dispute; this was evidence of the county's intention to maintain and construct that highway over the disputed strip or way and put the subsequent purchaser on notice when he later purchased from the common source of title.

The evidence fails to support appellant's insistences that the conveyance was obtained by fraud, was not supported by sufficient consideration, was not dedicated and accepted by the county, and that he was a bona fide purchaser for value without notice from Boyington. We concur with the circuit judge in his finding, and his ruling was without error.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.