185 So. 368

**ALFORD et al. v. HENDERSON et al.**

**4 Div. 23.**

Supreme Court of Alabama.

Dec. 22, 1938.

28

E. C. Boswell, of Geneva, for appellants.

·Mulkey & Mulkey, of Geneva, for appellees.

BOULDIN, Justice.

The bill was filed by the administrator of the estate of Daniel Henderson, deceased, to sell the lands of the estate for division among the heirs, after satisfying an outstanding mortgage on a portion thereof.

Litigation arose over the claim of the youngest daughter of decedent and her husband to ownership of one 40 acres of the lands under deed of gift from decedent.

The issue is wholly one of fact.

Without controversy, some two and one-half months before his death, Daniel Henderson, eighty years of age, caused a deed to be prepared, signed and acknowledged before two friends, giving as his reason that this daughter and son-in-law had done more for him than the other children. He charged them to secrecy, not to tell any one, since he did not want his other children to learn of it.

The deed was found after his death in a trunk in the room occupied by him in his last sickness.

The trunk was opened at a family gathering after the funeral, and this deed found among his papers.

■ A deed is a muniment of title, a law made instrument for the passing of title to real estate. It must be delivered. Until then it is no conveyance. It cannot be delivered after the death of the grantor.

■ The usual and ordinary delivery of a deed is by passing the instrument into the custody and keeping of the grantee. Controversies sometimes arise as to how the instrument came into the hands of the grantee, whether with the consent of the grantor, etc.

Many controversies arise in cases where the instrument has never passed out of the hands of the grantor, but reliance is had on what is called constructive delivery. In this State, numerous cases, on varied states ·of fact, have been considered involving this doctrine.

■ Although the actual custody of the instrument has not passed from the hands of the grantor, any words or acts or both clearly showing an intent that the deed be presently effective, become the deed of the grantee, subject to his or her control, and is held by the grantor or a third person as a mere agent or custodian of the grantee, evidence an effectual delivery. But where the grantor reserves the locus poenitentiae, that is to say, not a mere custody, but a right to withdraw from an incompleted transaction, reserves control over the document in his own right, there is no delivery.

■ Where the deed, as here, is found among the decedent's papers after his death, the burden of proof is on the grantee to show such words or acts as clearly indicate delivery. Gulf Red Cedar Co. v. Crenshaw et al., 169 Ala. 606, 53 So. 812; Griswold et al. v. Griswold et al., 148 Ala. 239, 42 So. 554, 121 Am.St.Rep. 64; Powell v. Powell, 217 Ala. 287, 116 So. 139; Dawson et al. v. J. A. Lindsey & Co., 223 Ala. 169, 134 So. 662; Crosby v. Baldwin County, 227 Ala. 122, 148 So. 814; Rickert v. Touart, 174 Ala. 107, 56 So. 708; Farr et al. v. Chambless, 175 Ala. 659, 57 So. 458; Elsberry v. Boykin, 65 Ala. 336; Fitzpatrick v. Brigman, 130 Ala. 450, 454, 30 So. 500; McLure v. Colclough, 17 Ala. 89; Frisbie v. McCarty, 1 Stew. & P. page 56.

The testimony relied upon to show delivery is to the effect that the deceased just before he died, within the hour of his death, said to his daughter, one of the grantees: "Baby, the deed is here in the trunk; They are yours and I want you to have them." The trunk was near his bed at the time, and the evidence is he motioned toward it.

■ This, if satisfactorily proven, in connection with the evidence that he had prepared the deed as above mentioned, and further competent evidence that he had informed her husband, and co-grantee, of his purpose to make the deed, would sustain a finding of delivery under above authorities.

■ But this evidence of delivery is challenged. The evidence and argument is chiefly directed to this issue. The grantees, and other sons and daughters, parties to the suit, were incompetent to testify to transactions with or statements by deceased under Section 7721 of the Code.

But they were competent to testify to other pertinent facts and circumstances shedding light on this inquiry.

The evidence is devoted to several matters worthy of study. Among them these: Evidence on behalf of the grantees that this project to make a deed was in connection with a mutual arrangement by which

the grantees were to move on the farm, and the deceased, tired of living in town, should move back to the farm and live with them; that the grantees did move, but the deceased did not and remained to the date of his death, January 27th, in the home of his son, Charlie, with whom he had lived the previous year, and at times since the death of his wife six years before; evidence of contemporary declarations of the grantor's intentions that all his children share equally in his estate; evidence touching the opportunity of the grantee daughter and her step-son to be alone with the grantor, as claimed, during that period, after he had grown worse, been helped back in bed, the family gathered about the bedside, etc.

Evidence of disclaimer on part of both grantees of any knowledge of the deed at the family meeting when the deed was discovered, and the explanation of such disclaimer made at a later meeting, presents a situation casting serious doubt on this issue of delivery.

Without further detail, we have reached the conclusion on a careful consideration of all the competent evidence that the grantees have not met the burden of proof on the question of delivery of the deed.

The decree of the trial court to this effect is, therefore, affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.