70 So.2d 786

**ADAMS et al.   v.   LOGAN et al.**

**7 Div. 104.**

Supreme Court of Alabama.

March 4, 1954.

Lusk, Swann & Burns, Wesley W. Acee, guardian ad litem, Gadsden, for appellants.

A. B. Cunningham, Gadsden, for appellees.

LIVINGSTON, Chief Justice.

P. M. Adams, a resident of Etowah County, Alabama, died intestate in said county on January 9, 1949, leaving surviving him, as his next of kin and sole heirs at law, his widow, Sallie Adams, the following children; namely, H. E. Adams, Grace Logan, Vela Logan, Verdie Simpson, Genevieve Sanders, Ruth Bone, P. M. Adams, Jr., James Adams and Annie Jo Adams; and the following grandchildren (they being the children of Claudia Smith, a daughter, who died on August 23, 1945); namely, Randall Smith, Sara Frances Smith and Jesse Smith, Jr., all of whom are of legal age and of sound mind, other than P. M. Adams, Jr., James Adams, Annie Jo Adams and Jesse Smith, Jr., who are minors, and Sara Frances Smith, who is a person of unsound mind and confined as a mental patient in the Alabama Insane Hospital at Tuscaloosa, Alabama. Claudia Smith, the daughter who died on August 23, 1945, was also survived by her husband, Jesse Smith.

J. L. Logan, a son-in-law and the husband of Vela Logan, was duly appointed and qualified as administrator of the estate of the said P. M. Adams, deceased, by the probate court of said county on April 9, 1949. The administration of the estate of said decedent was removed on petition of Vela Logan from said probate court to the circuit court, in equity, of said county on April 25, 1949.

P. M. Adams was married twice. His first wife was Martha T. Adams, who died intestate on August 22, 1925, leaving surviving her husband, P. M. Adams, and the following children; namely, H. E. Adams, Claudia Smith, Verdie Simpson, Vela Logan and Grace Logan. P. M. Adams was married to Sallie Sitz, his surviving widow, on December 12, 1926. There were five children born of the second marriage; namely, Genevieve Sanders, Ruth Bone, P. M. Adams, Jr., James Adams and Annie Jo Adams.

On September 15, 1949, the said J. L. Logan, as administrator of the estate of P. M. Adams, deceased, filed a petition in the circuit court, in equity, averring, among other things, that among the papers of the decedent found in a lock box in the State National Bank at Collinsville, Alabama, was an unrecorded deed from the said P. M. Adams to Martha T. Adams, the first wife, which deed is dated September 16, 1921, and which deed, for a consideration of One Dollar and love and affection, purports to convey to the said Martha T. Adams certain real estate described therein. The petition avers that the legality of said deed, which is made an exhibit to the petition, is in dispute and prays that the court adjudicate its validity as a deed.

P. M. Adams, Jr., James Adams and Annie Jo Adams, minors, by their mother and next friend, Sallie Adams, Genevieve Sanders, Ruth Bone and Sallie Adams, filed their answer to said petition, which is made a cross bill and to which the said J. L. Logan, as administrator, H. E. Adams, Grace Logan, Vela Logan, Verdie Simpson, Randall Smith, Sara Frances Smith and Jesse Smith, Jr., were made parties cross-respondent. It is averred in the answer and cross bill that, on September 16, 1921, the said P. M. Adams, fearing the consequences of threatened litigation, executed the deed in question conveying all of his

property, which included all property described in paragraph 4 of the said cross bill, other than the NE¼ of the NE¼, to his wife, Martha T. Adams, but which threatened litigation never materialized and which deed was never delivered to the grantee prior to her death, but was found among the decedent's papers in a lock box in the State National Bank of Collinsville, Alabama, after his death. The cross bill further avers that at no time from the date of said deed until her death did Martha T. Adams claim said property as her own or assess the same for ad valorem taxes, or pay taxes thereon. The cross bill further alleges that the children and grandchildren of the said P. M. Adams, deceased, subject to the dower and homestead rights of the surviving widow, are the tenants in common of the real estate described in paragraph 4 thereof, and prays that it be decreed that said deed was never delivered to the grantee, that said lands cannot be equitably divided, and that same be sold for division, and the widow's dower and homestead rights be carved out of the proceeds. The cross bill was amended by striking H. E. Adams as a party defendant and making him a party cross-complainant.

The averments of the cross bill were denied generally by J. L. Logan, as administrator.

The said Grace Logan, Vela Logan, Verdie Simpson, Randall Smith, and Sara Frances Smith, a non compos mentis, and Jesse Smith, Jr., by their father and next friend, Jesse Smith, filed their answer to said administrator's petition averring that the deed in question had been delivered to Martha T. Adams, and that the only lands owned by P. M. Adams at the time of his death was the NE¼ of the NE¼, in Section 10, Township 10, South of Range 7. It is further averred that the children and grandchildren of Martha T. Adams, the first wife, are the tenants in common of the property described in said deed and it is prayed that same be sold for division.

The averments of the answer and cross bill filed by the said Grace Logan, et al., were generally denied by answer of the said Sallie Adams, et al., and further, that the SE¼ of the NW¼ of Section 10, Township 10, South of Range 7, East, of the property described in the deed from P. M. Adams to Martha T. Adams was sold by said parties to Claudia Smith, the deceased daughter, and later reacquired by P. M. Adams prior to his death and after the death of Martha T. Adams.

Wesley W. Acee, an attorney, was appointed as guardian ad litem to represent the interests of the said P. M. Adams, Jr., James Adams and Annie Jo Adams on the hearing of said petition. The appointment was accepted by Mr. Acee and his various pleadings are set forth in the record.

The evidence is without dispute that the deed made by P. M. Adams to Martha T. Adams, his first wife, on September 16, 1921, and made an exhibit to the administrator's petition, was found among the decedent's papers in a lock box in the State National Bank at Collinsville and that the deed was not recorded until after the death of P. M. Adams.

The deed was drafted by H. J. Nash, a notary public, who testified that Mr. Adams came to his house one night, and that he wrote the deed involved in this litigation and delivered it to Mr. Adams. Mr. Nash is positive in his testimony that he and Mr. Adams were alone at the time the deed was written and executed, and that after it was signed by Mr. Adams and notarized by him, he handed it to Mr. Adams. There is some evidence to the effect that Mr. Adams was being threatened with a law suit at the time he signed the deed.

The only person who claims to have seen the deed between the time it was executed and the time it was found in P. M. Adams' lock box at the bank after his death is J. S. Smith, the husband of Claudia Smith, who died on August 23, 1945. He claims to have seen the deed in the possession of Martha T. Adams sometime between 1921 and 1925, on an occasion when she was present in his home. Although he only saw the deed on one occasion, he claimed he was able to identify it when he again saw it some

twenty-five years later. Vela Logan, a daughter of P. M. Adams, claims she saw a deed in her mother's hands at one time but did not identify it as the deed here involved.

Admittedly, the appeal turns upon the question of the delivery of the deed from P. M. Adams to Martha T. Adams during her lifetime. The evidence was not taken ore tenus before the trial court and under such circumstances, on appeal, this court must sit in judgment on the evidence. Martin v. Culpepper, 253 Ala. 412, 44 So. 2d 568, and cases there cited. This duty we have performed, and have reached the conclusion that the decree of the trial court is laid in error and of necessity must be reversed and remanded.

As before stated, it is not disputed that the deed involved was found in the lock box of Mr. P. M. Adams after his death. Since the deed was found among the grantor's papers after his death, the burden is upon the grantee named in the deed, or those claiming through her, to prove delivery of the deed. Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812; Griswold v. Griswold, 148 Ala. 239, 42 So. 554, 121 Am.St.Rep. 64; Powell v. Powell, 217 Ala. 287, 116 So. 139; Dawson v. J. A. Lindsey & Co., 223 Ala. 169, 134 So. 662; Crosby v. Baldwin County, 227 Ala. 122, 148 So. 814; Rickert v. Touart, 174 Ala. 107, 56 So. 708; Farr v. Chambless, 175 Ala. 659, 57 So. 458; Elsberry v. Boykin, 65 Ala. 336; Fitzpatrick v. Brigman, 130 Ala. 450, 454, 30 So. 500; McLure v. Colclough, 17 Ala. 89; Frisbie v. McCarty, 1 Stew. & P. 56; and Alford v. Henderson, 237 Ala. 27, 185 So. 368. The only evidence offered for this purpose is the testimony of Vela Logan, a daughter, and J. S. Smith, a son-in-law of P. M. Adams and Martha T. Adams. The testimony of these two witnesses was strenuously objected to as being in contravention of the so-called "dead man's" statute, Tit. 7, § 433, Code of Alabama 1940. But as we view the testimony, these witnesses were careful not to testify as to any transaction with the deceased, Mr. P. M. Adams. Their testimony, at most, is limited to the statement

that at a certain time prior to the death of Martha T. Adams witnesses saw the deed involved in this case in her possession. Vela Logan's testimony hardly went to that extent, she merely saying that she saw her mother with a piece of paper or a deed at a given time, but would not state positively that it was the deed involved in this case. Had the witnesses gone further and stated that Mr. P. M. Adams delivered the deed to Mrs. Martha T. Adams, their testimony would have been subject to the objection above noted. Morrissett v. Carr, 118 Ala. 585, 23 So. 795; Napier v. Elliott, 177 Ala. 113, 58 So. 435.

Appellees argue that possession of a deed by the grantee creates a rebuttable presumption of delivery of it, and cites 26 C.J.S., Deeds, § 194, p. 593. That citation cites the case of Crosby v. Baldwin County, 227 Ala. 122, 148 So. 814. We have no quarrel with the authority cited, but the evidence in this case is not sufficient to bring it within the influence of the authority cited. Here neither the grantee in the deed, nor those claiming through her, had possession of the deed. True, witnesses testified to the effect that at a given time and place the grantee named in the deed did have possession of it; but the circumstances of the possession, how she obtained possession, for what length of time she had possession, the purposes of her possession, or any of the circumstances surrounding the possession are not stated. The testimony, at most, is to the effect that at a given time prior to her death, Martha T. Adams had possession of the deed involved.

We are clear to the conclusion, after a careful consideration of the matter, that the evidence offered was not sufficient to overcome the prima facie case made by finding the deed involved in the lock box of the grantor among his other papers. For that reason, the cause must be reversed and remanded.

Reversed and remanded.

LAWSON, STAKELY and MERRILL, JJ., concur.