BEATTY, Justice.
Appeal by the plaintiffs from an adverse judgment in their suit to have a deed set aside. We affirm.
The plaintiffs are Louis Farmer and Jeannette Farmer, husband and wife. They filed their complaint against Marlon Farmer, their son; Christy Farmer, the wife of Marlon; Wayne and Daisy Gant; and Barbara White. For reasons not presently material, no relief was sought in the subsequent trial against Marlon and Christy Farmer or against Barbara White.
The case grew out of a loan transaction between the Farmers and the Fyffe Bank. Louis Farmer owned a tract of land near Pisgah in Jackson County. Marlon Farmer needed about $27,000 to finance an advertising venture. Louis, his father, knew of this need, and agreed with Marlon to give Marlon a deed to a certain part of this land for Marlon to use as collateral for a loan from the bank. It appears that Louis Farmer also wished to obtain a loan for himself at that time. Louis had a deed prepared, apparently by a layman, which Louis and Jeannette executed and acknowledged before a notary. Marlon took this deed to a lawyer in Scottsboro who advised Marlon that the description needed clarification and who, with Marlon’s consent, prepared a new deed whose description accorded more accurately with the property described in the other deed. This attorney also prepared the mortgages and other documents for the loans. Marlon took these documents to the bank where they were executed, Louis and Jeannette executing the new deed at that time. According to Louis, he explained to the bank’s loan officer that he was executing this deed of land (approximately 27 acres) to Marlon for the purpose of enabling Marlon to borrow the money. The loan to Marlon did not go through, however, but Marlon took his deed and departed. Louis testified that he and his wife attempted to obtain this deed from Marlon but were unsuccessful. Marlon himself testified that his parents requested that he either destroy the deed or return it to them. Instead of doing so, however, Marlon sought out Wayne Gant, a neighbor of his father’s who had earlier attempted to purchase some of this land from Louis. Ultimately Marlon and Wayne Gant agreed on a sale of 1.55 acres of the tract included in the deed from Louis to Marlon for a purchase price of $4,000.[1] Wayne Gant advanced the money to Marlon, and later both Wayne and Marlon went to the same lawyer in Scottsboro. Wayne requested a check on the title to the 1.55 acres. This *1075 was done expeditiously since the same lawyer had examined the title only a few days before in connection with the prospective bank loans. The deed from Marlon to Wayne Gant was duly prepared and executed, and both deeds were recorded.
The case was tried to a jury on two issues: (1) whether there was a delivery of the deed from Louis to Marlon, and (2) whether the Gants were bona fide purchasers for value of the 1.55 acres from Marlon. The jury found for the defendants and that “the defendants are bona fide purchasers of the lands.” Plaintiffs’ motion for a new trial was overruled.
On appeal plaintiffs insist that there was no delivery of the deed from Louis Farmer to Marlon Farmer and that as a consequence the Gants could not be bona fide purchasers for value.
It is clear from the evidence taken at trial that Marlon was acting on behalf of his father in obtaining the necessary documents for the loan from the Fyffe Bank. The deed from Louis to Marlon thus prepared by the lawyer was subject only to “valid adverse title as to minerals, oil or mining rights, easements or rights of way, covenants running with the land; encroachments or other matters or defects shown by a survey of said property.” This deed was duly executed by Louis and Jeannette at the bank and came into Marlon’s possession during the loan transaction there. A deed regularly executed and in the grantee’s hands is prima facie presumed to have been duly delivered. Crosby v. Baldwin County, 227 Ala. 122, 148 So. 814 (1933). Although Louis Farmer testified to his motive in making the grant to Marlon, there was also testimony from Marlon which tended to negate any intention on his father’s part to reserve a locus poenitentiae. Indeed, there was no qualification expressed by Louis in his execution of the first deed to Marlon. This evidence clearly made the question of delivery one for the jury.
Louis Farmer insists, however, that Wayne Gant took the conveyance from Marlon Farmer with notice that the deed was intended to be used as collateral, and thus Gant could not be a bona fide purchaser. Such an arrangement did not make the deed itself void, cf. Hess v. Hodges, 201 Ala. 309, 78 So. 85 (1918) (defective description defeated claim of alleged bona fide purchaser); Barden v. Grace, 167 Ala. 453, 52 So. 425 (1910) (deed delivered blank as to grantee void unless executed in name of intended grantee), and assuming arguendo that Louis’s “understanding” had some latent effect upon the deed’s validity (which position we have found to be not well taken under the facts) the testimony of both Marlon Farmer and Wayne Gant established a lack of any notice on Gant’s part of any equity of Louis in the land. Thus that issue was also one for the jury, which found in favor of the Gants.
We have carefully considered the entire record and the briefs of the parties, and are clear to the conclusion that the jury’s verdict was supported by the evidence and that the trial court’s denial of the plaintiff’s motion for a new trial was correct. Accordingly, the judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.

. He mortgaged the remainder to Barbara White.