# Smith *et al. v.* Keyser, Executrix.

### *Statutory Action of Ejectment.*

| 115 | 455 |
| 131 | 386 |
| 115 | 455 |
| 143 | 458 |

1. *Admissibility of evidence of deceased witness on subsequent trial; amendment of complaint as to parties.*—The deposition of a witness since deceased, used on the trial of a former suit, is admissible in evidence in a subsequent suit between the same parties or their privies respecting the title to the same property; and where the former suit was an action of ejectment brought by the plaintiff in her individual capacity against a tenant in possession, and the last suit is an action of ejectment brought by the same plaintiff, as executrix, against the same defendant and his landlord, for the recovery of the same lands, there is not such a change of parties as to render inadmissible the deposition of a witness who has since died, which was used in the former suit.

2. *Proof of the execution of a deed; admissible in evidence.*—When a deed is attested by two subscribing witnesses, and one of the witnesses is proven to be dead, and the signature of the other witness, who resides out of the State, is clearly proved, the execution of the deed is sufficiently shown to render it admissible in evidence.

3. *Adverse possession; when shown to exist.*—In an action of ejectment, where the defendants under a plea of adverse possession prove the actual occupancy by tenants of a part of the lands sued for, the rest being in timber, that their tenants got firewood, boards and rails

from all over the lands, and exercised such acts of ownership over it as its condition admitted of for more than twenty years, and that such land was included in a deed executed twenty-five years before, under which defendants claim, there is shown adverse posesssion of the whole tract of land by the defendants for more than twenty years.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN R. TYSON.

This was a statutory action of ejectment, brought by the appellee, Harriet S. Keyser, as executrix of William J. Keyser, deceased, against the appellants, to recover certain lands specifically described in the complaint. The defendant, A. G. Smith, was tenant in possession of the land sued for, and upon his motion, his landlords, R. L. Johnson, William M. Johnson and others, were made parties defendant. The defendants pleaded the general issue and adverse possession of the lands sued for for ten years.

The material facts of the case are sufficiently stated in the opinion.

The defendants offered to introduce in evidence a deed from one A. J. Phelps and his wife to Bryant Johnson. This deed was executed November 23, 1869, and was attested by James W. Simpson and James Reeves. A witness was introduced in evidence, who testified that James W. Simpson resided in the State of Florida; that he knew the handwriting of Simpson, and that his signature as an attesting witness to the deed was in his handwriting. It was also shown by another witness that James Reeves was dead. The plaintiff objected to the introduction in evidence of this deed, upon the ground that its execution had not been sufficiently shown. The court sustained the objection, refused to allow the deed to be introduced in evidence, and to this ruling the defendant duly excepted.

Upon the introduction of all the evidence, the court at the request of the plaintiff gave the general affirmative charge in her behalf; and to the giving of this charge the defendants duly excepted. There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

FARNHAM & CRUM, for appellants.—The deed offered by the defendants was admissible in evidence.—*Allison*

[Smith, *et al.* v. Keyser, Executrix.]

*v. Little*, 85 Ala. 516 ; *Woods v. Montevallo*, 84 Ala. 560 ; Greenleaf on Evidence, (Red. ed.), §§ 21, 142, 570 ; *Everly v. Stoner*, 2 Yeates (Pa.) 122.

The defendants' evidence showed that they had been in adverse possession of all of the land for more than twenty years.—*Woods v. Montevallo*, 84 Ala. 560 ; *Black v. Railroad Co.*, 93 Ala. 109.

J. J. SULLIVAN and JOHN D. BURNETT, *contra.*—The deposition of the witness Hawsey, which was taken in the former suit was properly excluded. The parties to the suit were not the same as the parties to the present suit. The omission of the word "as" before executrix in the suit where the depositions of A. J. Hawsey were taken, shows the former suit to be the individual suit of Harriet S. Keyser, and the inclusion of the word "as" before executrix of Wm. J. Keyser, in the present suit, shows the present suit to be the suit of Harriet S. Keyser in her representative character of executrix of Wm. J. Keyser.—*Lucas v. Pitman*, 94 Ala. 616 ; *Branch v. Branch*, 6 Fla. 314 ; *Burling v. Tompkins*, 19 Cal. 429 ; *Boardman v. Reed, et al.*, 6 Peters 328. The deed offered by the defendants was properly excluded. No proper predicate was laid for the introduction of secondary evidence and no attempt was made to prove the handwriting of said James Reeves, and no proof was made that the subscribing witness James Reeves was "dead, insane or out of the jurisdiction of the court." To make this deed competent as evidence, as it was attested by two subscribing witnesses, its execution should have been proved by at least one of these witnesses, or else the witnesses should all have been shown to be dead, insane, out of the jurisdiction of the court, or that they could not be found after diligent inquiry.—*Coleman v. State*, 79 Ala. 50 ; *Askew v. Steiner*, 76 Ala. 218 ; 1 Greenleaf's Evidence, §§ 569, 572 ; *Hatfield v. Montgomery*, 2 Porter 58.

HARALSON, J.—1. The first assignment of error is the ruling of the court excluding the deposition of A. J. Hawsey, deceased, who was called Jack Hawsey. The abstract states, that the "defendants offered to introduce in evidence the depositions of A. J. Hawsey then deceased, taken in a former suit between these parties,

which depositions are as follows," &c. The objection raised to the introduction of this evidence was, "because the parties to the suit in which they [the depositions] were taken, were not the same as in this suit."

The offer of defendant, was to introduce said deposition "taken in a former suit *between these parties*." A. G. Smith, the defendant in this suit, was a mere tenant in possession, and the other defendants were his landlords, who were made parties by the order of the court, on suggestion of the tenant under section 2704 of the Code. The depositions were taken in a cause, as shown, wherein Harriet S. Keyser, executrix of Wm. J. Keyser, was plaintiff and A. J. Smith was defendant, for the identical lands mentioned in this suit. The appellee's counsel state in their argument,—and it is the one on which they rest the point,—that the two suits were not between the same parties, for the reason, that the first one was brought in the name of Harriet S. Keyser, executrix, &c., and the last one was in her name *as* executrix; that the first was in her individual, and the last in her representative capacity, and the two suits were, therefore, between different parties.

Under the statute of amendments in this State, it is settled that when "a complaint is filed in the name of one suing in his individual capacity, if the facts authorize it, the complaint may be amended, so as to make the suit stand in his representative capacity, and *vice versa*."—*Lucas v. Pittman*, 94 Ala. 616. The abstract justifies the conclusion that Smith, in the former, as in this case, was tenant, and the other appellants were the landlords, and the ones really interested.

In *Patton v. Pitts*, 80 Ala. 375, it was said, that the conditions on which such evidence is admissible in the trial of a subsequent suit, "are that the matters in issue and the parties are essentially the same in both actions,— parties as thus used comprehending privies in blood, in law, or in estate. A mere technical or nominal variation of parties on both trials will not exclude the evidence; but the adversary parties on both trials must be substantially the same."—*Cleveland v. Huey*, 18 Ala. 343; *Goodlett v. Kelly*, 74 Ala. 213. The parties in both these suits were substantially or essentially the same, and it is not pretended that the adverse parties did not have and avail themselves of the opportunity to cross-examine the

witness.—*Marler v. The State*, 67 Ala. 62 ; 1 Green. Ev., 63. The variation of parties relied on is too technical or nominal for the exclusion of the evidence.

2. The deed from Phelps to Johnson was clearly admissible in evidence. It was witnessed by James W. Simpson and James Reeves. It was made sufficiently certain that James Reeves was dead, and that the other witness, Simpson, resided out of the jurisdiction of the court, in Florida. His signature, if necessary to prove it after so great a length of time,—some twenty-eight years,—was clearly proved, and this was all that was necessary to be shown, for its introduction in evidence. *Coleman v. The State*, 79 Ala. 50 ; *Russell v. Walker*, 73 Ala. 317 ; *Caldwell v. Pollak*, 91 Ala. 354 ; 1 Green. Ev., §§ 572, 575. Even if the deed had been insufficiently executed, it was admissible to show claim or color of title on which to base adverse possession.—*Carter v. Chevalier*, 108 Ala. 563 ; *N., C. & St. L. Rw'y. Co. v. Mathis*, 109 Ala. 381.

3. This deed was executed on the 23d November, 1869. The lands embraced therein constituted a tract of about 700 acres, sometimes called the "Joe May tract," and included the lands sued for. Possession was taken of this tract of land by Johnson, and it has been held and claimed by him and his children ever since ; and since his decease, in 1891, the same was sold by order of the probate court of Conecuh county for division, and defendants became the purchasers thereof, and received a deed therefor, executed under orders of the court. An adverse claim and possession of the lands has been shown in favor of defendants, for over twenty years. There is no proof to show that Wm. J. Keyser, or those under whom he claimed, or his executrix, since his decease, were ever in the actual possession of the lands sued for. The proof simply is, that they claimed the lands, and they were known as the Wm. Keyser lands.

It is disputed by the plaintiff that defendants have ever been in the actual adverse possession of said lands. But the proof on defendants' part, tends clearly to refute this contention. With the exception of about two acres, which the proof tends to show were claimed and occupied by Johnson's tenants, the lands were in timber. It was shown that Johnson's tenants got fire wood,

boards and rails from pretty much all over the lands, and exercised such acts of ownership over it, as the condition of the land admitted. To show the character of Johnson's possession, defendants introduced Wm. M. Johnson, who testified, that he had known the lands for 25 years ; that they were bought by Bryant Johnson, his father, from one Phelps ; that the first time he saw the tract of land so purchased, was about 25 years ago, and it was then occupied by a tenant of his father ; that the tract so rented was known as the "Joe May tract," and the lands in suit were always known and considered as a part of the "Joe May tract ;" that the lands were afterwards rented to one Hawsey who occupied them 20 or 21 years till he died, and after the death of Bryant Johnson, about five years ago, the defendants as his heirs, took possession of the lands, and have had possession ever since ; that he knew the land by numbers as well as location, and he never heard of any claim to it by Keyser until just before this suit was brought, and that the land has always been known, claimed and called the Bryant Johnson land or plantation. Other witnesses corroborated this one, in his statements.

It is a well settled principle, that the possession of a mere tresspasser is limited to his actual occupancy, or *possessio pedis*, but that the possession of one under color of title is generally construed to be coextensive with the boundaries described in the written instrument under which the possession is held and claimed.—*Black v. Tenn. C. I. & R. Co.*, 93 Ala. 111 ; *Burks v. Mitchell*, 78 Ala. 61 ; *Norment v. Eureka Co.*, 98 Ala. 182.

4. It is to be noticed, that Allen, to whom with Darnell, one of the 80 acre tracts,—the W. ½ of the N. E. ¼ of section 33, T. 8, R. 11,—was conveyed by the Government, has never parted with his undivided half interest in said 80 acres, and so far as appears, the title is still in him. Plaintiff showed no title in her testator thereto from Allen, directly or indirectly.

The court gave the general charge for the plaintiff. In this there was manifest error.

Reversed and remanded.