# Coulson, *et al. v.* Scott, *et al.*

## *Ejectment.*

### (Decided April 14, 1910. 52 South. 436.)

1. *Deeds; Delivery; Recordation.*—The recordation of a deed may be prima facie evidence of its delivery, yet, if there was no delivery thereafter to the grantee, and no intention that what was done should constitute a delivery, but was merely a sham delivery to the recording officer, for the purpose of having it recorded to delude the creditors of the grantor, and after being recorded the deed was returned to and retained by the grantor, there was no delivery and no title passed.

2. *Ejectment; Judgment; Conclusiveness.*—Where C. executed a deed of land to his daughter and shortly thereafter his creditors obtained a judgment against him and had the land sold under execution, and it was purchased by a bank who received a sheriff's deed and thereafter the bank recovered the land in ejectment, the judgment therein recognizing the superior title of the bank and the invalidity of the deed to his daughter, such judgment was evidence that the deed, even if delivered, was void against the bank, and that it got a title superior to the daughter, in an action in ejectment by persons claiming under the daughter against persons claiming under the bank; and this is so even if the daughter was not a party to the action by the bank and such judgment was not conclusive.

[Coulson, et al. v. Scott, et al.]

3. *Same; Title; Evidence.*—Where C. deeded land to his daughter and it was sold under execution against C. and purchased by a bank and thereafter, after the daughter's death, her husband purchased the land from the bank and took a deed thereto, in an action of ejectment by the grand-children of the daughter against persons claiming under the widower of the daughter as grantee of the bank, his deed showing a straight out purchase after the expiration of time to redeem, and the fact that he claimed as purchaser, and not through courtesy was admissible as evidence that he bought the land instead of redeeming it for the benefit of his wife's heirs.

4. *Evidence; Dead Witness; Testimony in Prior Suit.*—Where it is shown that a witness is dead, his testimony given in a prior suit involving present issues is admissible.

5. *Same; Presumption.*—Where a bank bought property under execution sale sixty years ago at sheriff's sale, and subsequently re-covered the land in ejectment, it will be presumed that the bank received a deed from the sheriff.

6. *Property; Title.*—Where C. deeded land to his daughter and his creditors recovered judgment against him, and had the land sold on execution thereon, and a bank purchased at such sale, and after recovering in ejectment sold it to the husband of the daughter to whom C. had deeded it, the husband's purchase did not operate as a ratification of the deed from C. to his daughter since the husband acquired title through a source hostile to said deed and which was based on the invalidity of the deed.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Ejectment by James L. Coulson and others against Felix Scott and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

The chain of title relied on will be found stated in a former report of this case in 156 Ala. 450, 47 South. 60. Upon this trial the facts were the same, with the additional facts set out in the opinion.

The following was the oral part of the charge ex-cepted to: "I charge you, gentlemen of the jury, that the plaintiffs by their deed and evidence make out a prima facie case, and are entitled to recover the land sued for, unless from the evidence you are reasonably satisfied that the deed made by Isaac Clark and wife to Jerusha Clark (afterwards Gullatt) was made to defraud the creditors of the said Isaac Clark, and, fur-ther, that the said deed was never delivered to said

Jerusha Clark.  If you find these to be the facts, then the plaintiff cannot recover."

The plaintiff also requested the general affirmative charge.

The following charges were also given to the defendant: "(6) If the deed executed by Isaac Clark to his daughter Jerusha Clark, expressing a consideration of $2,000, was intended by said Clark as a sham, and the consideration was simulated, and the purpose of said Clark was to hinder, delay, or defraud his creditors, and if he delivered said deed to the county court clerk to be recorded, and after the same was recorded said Clark kept said deed in his possession during his lifetime, and he never did in fact deliver it to Jerusha Clark, and Jerusha never claimed the land under said deed, and stated to her sister that it was not intended to convey the land or the title to the land to her, and if after the death of Isaac Clark his widow kept the deed until after the war, and then delivered it to the father of these plaintiffs, then the jury should find that title to the land did not pass from Isaac Clark to his daughter Jerusha Clark, and that plaintiffs cannot recover in this case.  (7) The delivery of the deed by Isaac Clark, the grantor, to the recording officer for record, is prima facie evidence of a delivery to his daughter Jerusha; but if the evidence in the case reasonably satisfies the jury that such delivery to the officer was a mere sham, and that said delivery to said recording officer was not with the intent by the said Isaac Clark to deliver said deed to his daughter Jerusha Clark, and that said deed was never delivered by Isaac Clark to his daughter Jerusha, then the jury must find for the defendant.  (8) If the jury are reasonably satisfied from the evidence that the deed of Isaac Clark to his daughter Jerusha

[Coulson, et al. v. Scott, et al.]

was delivered to her by her father, then you must find for the defendant."

W. H. Norwood, L. C. Coulson, and J. H. Gregory, for appellant. Where both parties claim title through a common source both are estopped from denying the validity of such title.—*Simmons v. Simmons,* 78 Ala. 365; *Lewis v. Watson,* 98 Ala. 480; *Sullivan v. Mc-Laughlin,* 99 Ala. 60; *Bernheim v. Horton,* 103 Ala. 385. A fraudulent conveyance is voidable merely, and may be ratified and confirmed in many ways.—*Roberson v. Wooten,* 128 Ala. 372; Bump on Fraudulent Conveyances, sec. 456. The redemption of land from judicial sale by a tenant for life insures to the benefit of the remaindermen.

J. B. Talley, and Bilbro & Moody, for appellee. Under the conditions here obtaining it will be presumed that the bank received the sheriff's deed.—*Matthews v. McDade,* 72 Ala. 377; *Duncan v. Williams,* 89 Ala. 341. It was competent to introduce the testimony of the deecased witness taken on a former trial.—*Cleveland v. Huey,* 18 Ala. 343; *Goodlett v. Kelly,* 74 Ala. 220; *Patton v. Pitts,* 80 Ala. 373; *Smith v. Keyser,* 115 Ala. 455; 16 Cyc. 1094.

ANDERSON, J.—When this case was here on former appeal (156 Ala. 450, 47 South. 60), we held that the title was prima facie in the plaintiffs as heirs of Jerusha Gullatt, who held under a deed from Isaac Clark, of date 1838. We also held that the defendants did not trace their title beyond the Bank of Decatur, that it showed no title from Isaac Clark to said bank superior to the deed from the said Clark to his daughter Jerusha Gullatt. Upon the next trial, the one from

39—167

which this appeal is taken, there was evidence tending
to show that the deed from Clark to his daughter, while
placed on record by him, was in fact never delivered and
was made by him, not to operate as a conveyance, but
to delude his creditors. If the deed was never delivered,
notwithstanding the recordation of same might be pri-
ma facie evidence of a delivery, the title never passed
to his daughter, and the plaintiffs could not recover
upon the strength of said deed to their grandmother.
On the other hand, if the deed was void as to the credi-
tors of Isaac Clark, notwithstanding it may have been
binding between the parties, and said creditors success-
fully impeached it and sold or acquired the land by en-
forcing their claim, a purchaser under the process would
acquire a title superior to that of Mrs. Gullatt, who held
under said fraudulent deed. The evidence tends to show
that, shortly after the making of the deed of 1838, the
bank and the other creditors obtained judgments against
Clark, had the land sold under execution, and the bank
bought it at sheriff's sale. The bank brought an action
of ejectment against several, including Gullatt and his
wife, for the land, and got a consent judgment for the
same. The record does not show that Mrs. Gullatt was
a party to the suit or the consent judgment, but the
deposition of Gullatt shows that she too was sued, but,
whether she was or not, the presumption is that her
deed was successfully impeached, else the plaintiffs
could not have recovered the land under the deed from
the sheriff, which was of subsequent date. The judg-
ment recognized the superior title of the bank and the
invalidity of the deed from Clark to his daughter, and,
whether the judgment was or was not conclusive, it,
with the other evidence in the case, tended to show that
the deed, even if delivered, was void as against the bank,
and that the bank got a title superior to the one claimed

by Mrs. Gullatt. If the bank acquired the title, and there was evidence for the jury to show that it did, then Gullatt acquired a title superior to that of his wife or her heirs under his deed from the bank. It might be that if Gullatt merely redeemed the land, being the life tenant, it was for the benefit of the remaindermen; but the evidence shows a straight-out purchase from the bank, and after the right to redeem had expired, under the terms of the consent judgment. It also appears from the chancery record and deposition of Gullatt that he claimed as purchaser, and not through curtsey 40 years ago, and in a proceeding in which the plaintiff's parents, the then claimants under the Clark deed of 1838, were parties, and, whether this was conclusive on them or not, it was an evidential fact that Gullatt had bought the land instead of merely redeeming it for the benefit of his wife's heirs.

The trial court did not err in so much of the oral charge as was excepted to, to the prejudice of the plaintiffs, nor in refusing the general charge requested by the plaintiffs.

There was no error in giving charges 6, 7, and 8 at the request of the defendants. They assert the law and were not abstract.

The objection to the chancery court records was general and applied to all of the papers and proceedings. Whether they were all competent or not, some of them were, and the trial court cannot be put in error for overruling the objection that was interposed. The answer of the plaintiffs' mother and father, seeking cross-relief and claiming the land under the deed to Mrs. Gullatt, was competent to show that the title under which the present plaintiffs claim was an issue and made the deposition of Gullatt competent, and, as he was then dead, his former testimony in a controversy involving

the present issue was proper.—*Clealand v. Huey,* 18 Ala. 343; *Goodlett v. Kelly,* 74 Ala. 220; *Patton v. Pitts,* 80 Ala. 373; *Smith v. Keyser,* 115 Ala. 455, 22 South. 149; 1 Greenleaf (16th Ed.) p. 278; 16 Cyc. 1094.

The case of *Robbins v. Wooten,* 128 Ala. 373, 30 South. 681, has no applyication to this case, as the proof does not show a ratification by the creditors of the conveyances, but tends to show that they attacked said deed, by having the land sold to satisfy the judgment, bought it at a sheriff's sale, and the law will presume that the sheriff made them a deed, as it was 60 years ago, and the proof shows that the sheriff sold it to satisfy the bank judgment, and that the bank bought it. Moreover, the bank also subsequently recovered the land in an action of ejectment.—*Duncan v. Williams* 89 Ala. 341, 7 South. 416; *Matthews v. McDade,* 72 Ala. 377. Nor could the purchase by Gullatt from the bank, which got the title by successfully attacking the fraudulent deed, operate as a ratification of said deed, as he acquired the title through a source which was hostile to said deed and which was based upon the invalidity of said deed.

The judgment of the circuit court is affirmed.

Affirmed.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.