# Loring *v.* Grummon, *et al.*

*Bill to Cancel and Annul Deeds, and to Determine Title.*

(Decided January 9, 1912.   Rehearing denied February 15, 1912.
57 South. 818.)

1. *Deeds; Delivery.*—A deed without consideration not delivered to the grantee who is sui juris, recorded by the grantor with no intention to make a delivery, but only to mislead his creditors, is not sufficiently delivered to operate as a conveyance.

2. *Same; Cancellation; Evidence.*—Where a widow files a bill against the heirs of her deceased husband to annul deeds and attacks the validity of the deeds, the heirs may show the whole source of title, and offer all the deeds in evidence.

3. *Equity; Decree Pro Confesso; Validity.*—The setting down of a cause for hearing, and the submission thereof on the day of the rendition of the decree pro confesso against two of the several defendants is violative of the provisions of section 3165, Code 1907, and though the submission is not a waiver of the decree pro confesso, there can be no valid final decree rendered against them as on the default.

APPEAL from DeKalb Chancery Court.

Heard before Hon. W. H. SIMPSON.

Bill by Mary A. Loring against S. S. Grummon and others, as heirs of Charles A. Loring to annul certain deeds, and to have her title to the land therein conveyed recognized and confirmed.   From a decree for respondents, complainant appeals.   Affirmed,

See *Loring v. Grummon, et al.,* infra.; 57 South. 819.

BOYKIN & BAILEY, and A. G. LEVY, for appellant. Fraud vitiates everything it touches, and when it enters into a contract vitiates same and furnishes ground for the interposition of equity to cancel it.—*Frierson v. Andrews,* 134 Ala. 626.   Courts of equity jealously guard against abuse of relation and confidence where confidential relations are shown.—*Waddell v. Lanier,*

[Loring v. Grummon, et al.]

62 Ala. 349. This applies to the relation of principal and agent, and the burden gets on the party claiming under such a contract to prove clearly and satisfactorily that it is just, fair and equitable.—*Burke v. Taylor,* 94 Ala. 529, and cases cited; *Otis v. Bancroft,* 91 Ala. 279, and cases cited; *Kyle v. Perdue,* 95 Ala. 575; *Walker v. Nicrosi,* 135 Ala. 355; *Harraway v. Harraway,* 136 Ala. 499. Under these authorities, complainant was entitled to the relief prayed. Where two or more instruments relating to the same subject-matter refers to the other exactly or expressly, the courts take them together and construe them as one instrument.— *Sewell v. Henry,* 9 Ala. 24; *Robinson v. Webb,* 68 Ala. 393; Lawson on Contracts, 457. Between the parties thereto, even a fraudulent transaction is good in law. —126 Ala. 170. On the question of delivery counsel cite 17 Ala. 89; 74 Ala. 213; 109 Ala. 430; 108 Ala. 78; 98 Ala. 479; 78 Ala. 385; 87 Ala. 158; 130 Ala. 128.

HOWARD & HUNT, for appellee. Whatever equity the bill may contain rests upon two charges, 1st, that complainant purchased the property with separate funds of hers from Samuel L. Grogan, 2nd, that her husband through fraud caused her to execute a deed conveying said property to Davenport, who subsequently conveyed to the husband. There is nothing in the first proposition even admitting that she turned over to her husband the money to buy the land.—*Bibb v. McKinley,* 9 Port. 643; *Bir. Water Wks. v. Hume,* 121 Ala. 170. There is nothing in the 2nd proposition.—*Hutchison v. Bibb,* 142 Ala. 587; *Nelson v. Brown,* 164 Ala. 408. There was no delivery of the deed to Grogan.—*Coulson v. Scott,* 167 Ala. 609; s. c. 156 Ala. 450. A decree pro confesso and a final decree cannot be entered on the same day.—Sec. 3165, Code 1907; *Chilton v. A. G. L. I.*

*Co.,* 74 Ala. 293. The bill was properly dismissed because of the variance between the allegation and proof. —*Wood v. Wood,* 134 Ala. 566; 119 Ala. 183.

ANDERSON, J.—Chas. A. Loring purchased the property involved from J. F. Caldwell August 8th, in the year 1890, and got deeds conveying title to himself. On December 24, 1891, Chas. A. Loring and wife, this complainant, made a deed to Samuel L. Grogan. On the same day December 24, 1891, the said Grogan made a deed conveying said property to Chas. A. Loring as trustee for his wife, and as he was a naked trustee, she took the legal title, in the event said deed was legally executed. On the same day, December 24, 1891, Chas. A. Loring, as trustee, and Chas. A. Loring and Mary A. Loring made a deed to said property to Thomas B. Davenport. This deed was not filed for record until February 7, 1905. On February 3, 1905, Davenport conveyed the property to Chas. A. Loring. The complainant attacks the deed made by herself and husband to Davenport, and the bill proceeds upon the theory: (1) That complainant purchased the property through her husband with her own funds; (2) That her husband, Chas. A. Loring, through fraud, caused her to sign or execute a deed conveying said property to Thos B. Davenport, who subsequently conveyed to Chas. A. Loring. Regardless of the burden of proof, the evidence fails to establish either averment. Aside from her own statement as to having $15,000 in gold in her name when she married Loring, the evidence shows that the complainant was in reduced circumstances, and refutes her earning capacity in art as a painter, or that she earned anything taking boarders until after the property was purchased. The proof is also clear and positive that the deed to Davenport was signed as it then

and now existed; that she was familiar with it and all facts leading up to the execution of same; that she knew that her husband was merely endeavoring to get the record title into her for a certain purpose, but contemporaneously with the deed to her had her to execute the Davenport deed. On the other hand, if the Davenport deed was a nullity and never delivered, the record shows with an equal degree of certainty that the deed from Chas. A. Loring to Grogan was not delivered. So, if the subsequent deeds or any of them should be stricken, upon the same theory and facts would the deed to Grogan fall, thus leaving the legal title in Chas. A. Loring, where it is if the subsequent deeds are upheld.

The evidence shows that the deed to S. L. Grogan was without consideration and was never delivered; that it and the subsequent ones were mere makeshifts to be placed upon the record by Loring to delude his creditors, and, if this was true, the title never passed out of Chas. A. Loring. It may be that the recordation of a deed is prima facie evidence of a delivery; but when the grantee is sui juris and it was never delivered to him and was recorded by the grantor with no intention that it was to be delivered, but for the mere purpose of making the records deceive or mislead his creditors, there would be no delivery, and the deed would not operate as a conveyance.—*Coulson v. Scott*, 167 Ala. 606, 52 South. 436. We concur with the chancellor in holding that the complainant failed to prove her bill, which was properly dismissed.

We do not understand that the heirs are attacking the deeds, as the complainant is doing so, and after she did it was competent for the heirs to show the whole source of title, and to offer all the deeds in evidence. On the other hand, if the complainant can show that some of the deeds, were null and void, the heirs could

with equal propriety show that the one to Grogan was in the same condition. Whether the evidence of Grogan was competent or not as to the transaction with Chas. A. Loring, it would be governed by the same rule as applicable to that of Davenport, and the complainant would gain nothing by excluding both; nor is her case made out with the evidence of both of them before us.

There was a decree pro confesso rendered against two of the respondents on November 15, 1910. The cause was set down for hearing and submitted on the same day. This was in violation of section 3165 of the Code of 1907, and if the submission on the same day was not a waiver of the decree pro confesso, still there could be no valid final decree rendered against them as upon said default decree.—*McDonald v. McMahon*, 66 Ala. 115. The chancellor did not, therefore, err in not granting relief as against these two respondents.

The decree of the chancery court is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.

(Decided January 9, 1912. Rehearing denied February 15, 1912. 57 South. 819.)