CHARLES E. EDGELEY, Admr., *vs.* ADDIE A. APPLEYARD.

Piscataquis. Opinion March 31, 1913.

*Admissibility. Civil Cases. Coroner's Inquest. Cross-examination. Criminal Cases. Common Law Rule. Error. Ex parte. Negligence. Nonsuit. Privies. Testimony. Witness.*

1. The testimony of a witness since deceased, given at a previous trial, may be received in evidence at a subsequent trial of the same case.

2. The testimony of a witness given at a coroner's inquest, upon the death of the plaintiff's intestate, is inadmissible, the witness having deceased after the inquest and before the trial.

3. The coroner's inquest was not a former trial of the present case, nor a former action involving substantially the same issues, and was not between the same parties, nor parties and privies substantially identified with the defendant.

On exceptions by plaintiff. Overruled. Plaintiff nonsuit.

This is an action on the case to recover damages of the defendant for causing the death of Laura A. Cates, by drowning, through the wrongful act, neglect or default of said defendant, and is based on Sections 9 and 10 of Chapter 89 of the Revised Statutes. The plaintiff claims that his intestate, while crossing the river in a team where a ford had been provided below the mill dam controlled by the defendant, the wagon in which she was riding was struck by a flood of water, overturned, and she was drowned. It is alleged that the defendant hoisted the gates in the dam and the flood was the consequence. In the course of the trial, the plaintiff offered the testimony of Samuel W. Cates, taken at a coroner's inquest upon the death of Laura A. Cates, the plaintiff's intestate, and the Justice presiding excluded it, to the exclusion of which plaintiff excepted. Plea, general issue. At the conclusion of plaintiff's evidence, the Justice presiding ordered a nonsuit and the plaintiff excepted. It was stipulated that if the Law Court decided that said testimony is admissible, the case is to be remanded for trial at nisi prius.

The case is stated in the opinion.

*John S. Williams,* for plaintiff.

*Hudson & Hudson,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

CORNISH, J. The single question argued and presented in this case is whether the testimony of a witness given at a coroner's inquest upon the death of the plaintiff's intestate was admissible in this action, when offered by the plaintiff, the witness having deceased after the inquest and before the trial. If not, the nonsuit ordered by the court is to stand.

We think it was inadmissible, and that its exclusion by the presiding Justice was without error.

The common law rule is well settled in this State that the testimony of a witness, since deceased, given at a previous trial may be received in evidence at a subsequent trial of the same case. *Watson v. Props. of Lisbon Bridge,* 14 Maine, 201; and the precise words are not required, but the substance of the whole testimony, *Emery v. Fowles,* 39 Maine, 326; *Lime Rock Bank v. Hewett,* 52 Maine, 531. This rule is applicable in criminal as well as civil cases, if the previous testimony was given, as in a civil case, at a trial in which the witness was cross-examined by the opposite party, or where there was an opportunity for such cross-examination. *State v. Herlihy,* 102 Maine, 310. Under the existing system of stenographic reporting, the exact words can be reproduced and the certified copy of the stenographer's notes is made admissible by R. S., Chap. 84, Sec. 162. *State v. Frederick,* 69 Maine, 400.

This is as far as the decisions have gone in this State; but in well-considered cases in other jurisdictions, and in the view of learned text writers, the scope of the rule has been somewhat broadened, so as to include the evidence of a deceased witness given, not only on a former trial of the same action, but in a former action involving substantially the same issues between the same parties, and a mere nominal change of parties is of no consequence, provided the parties in the second action are so privy in interest with those in the former trial that the same motive and need for cross-examination

existed. *Orr* v. *Hadley,* 36 N. H., 375; *Yale* v. *Comstock,* 112 Mass., 267; *McIntorff* v. *Ins. Co.,* 248 Ill., 92, 93 N. E., 369; *Smith* v. *Kezear,* 115 Ala., 455, 22 So., 149. Green on Ev. 16th ed. (enlarged and annoted by Prof. Wigmore) Sec. 163; Chamberlayne Modern Law of Ev., Vol. 2, Sec. 1652, et seq.

"The rules regulating the admissibility of this species of evidence are careful to provide that the party against whom the evidence is now offered, or some one sufficiently identified with his interest to make these rights effective, should on the former trial have confronted the witness whose testimony is now offered and have had an adequate opportunity for an efficient cross-examination upon the point covered by the testimony which it is now sought to prove by secondary evidence." Chamberlayne, Vol. 2, Sec. 1656.

Whether the issue in the two cases is the same or substantially the same, is a preliminary question to be decided by the presiding Justice, and his ruling thereon is conclusive unless it is based upon some error in law, or is deemed to be an abuse of judicial discretion. *Chase* v. *Springvale Mills Co.,* 75 Maine, 156.

Applying the broadest test above given, we have no hesitation in saying that the testimony of the plaintiffs intestate given at the coroner's inquest was not admissible in the present action, brought against the defendant for alleged negligence.

R. S. Chap. 140 provides for the holding of coroner's inquests "on dead bodies of such persons only as appear or are supposed to have come to their death by violence, and not when it is believed that their death was caused by casualty" (Sec. 1); and then follow the steps to be taken. These proceedings are designed primarily to aid in the detection of crime. The inquest is ordinarily held immediately after the event has happened, and oftentimes before the perpetrator is known or even suspected. They are initiated by a public officer, there is no party defendant, and the county attorney, as the public prosecutor, usually elicits the evidence.

The action under consideration is based upon a casualty, but a casualty alleged to have been brought about by the negligence of the defendant. It might well be doubted whether, under the strict terms of the statute, a coroner's inquest should have been held at all. But waiving that point, it was, at best, an investigation concerning which this defendant had no notice and with which she had no legal

connection. The record contains an admission to the effect that "the defendant was not present by herself or counsel, when the testimony was given at the inquest and was not notified to be present." As to her, it was purely ex parte, and the testimony then given could no more be used against her in this action than could a deposition, of the taking of which she had received neither notice nor knowledge.

The counsel for the plaintiff relies somewhat upon the fact that Mr. Hayes appeared as an attorney at the inquest and cross-examined the witness. But the admission proves that he was not acting as attorney for the defendant, and from the nature of the interrogatories, it might perhaps be inferred that he was acting as attorney for the town, which at that time may have anticipated that a suit would be brought against it.

The learned counsel further contends that because Sec. 13 of Chap. 140 provides that the evidence of all the witnesses taken at a coroner's inquest "shall be filed with the Clerk of Courts and there remain open for inspection," such evidence is rendered admissible in subsequent court proceedings. Far from it. This section is in harmony with the general purpose of the chapter. It perpetuates the testimony and renders it accessible as an aid in further investigation. Had the Legislature intended to make such testimony admissible in all future cases of every sort, that might grow out of the accident, it could and would have said so.

No one of the elements is present here that the rule of admissibility requires. The inquest was not a former trial of the present action, nor a former action involving substantially the same issues. It was not between the same parties, nor between parties and privies sufficiently identified with the defendant; the defendant did not confront the witness and she neither cross-examined nor had any opportunity to cross-examine him upon the points at issue here.

These are insuperable barriers to the admission of the testimony.

Many authorities are in harmony with the conclusion here reached. Prof. Wigmore, after a discussion of the subject, says that in the United States "the proper conclusion has been reached that the lack of cross-examination, as an element in coroner's pro-

cedure, makes such testimony inadmissible." 2 Wigmore Ev., Sec. 1374. To the same effect are, *State* v. *Houser,* 26 Mo., 436; *Jackson* v. *Crilly,* 16 Colo., 103, 26 Pac., 331; *Petrie* v. *Ry. Co.,* 29 S. C., 363; 7 S. E., 515; *Pittsburg C. & St. L. Ry. Co.* v. *McGrath, Admr.,* 115 Ill., 172, 3 N. E., 439.

The entry must accordingly be,

*Plaintiff nonsuit.*