## ABRAM PALON v. GREAT NORTHERN RAILWAY COMPANY.[1]

December 22, 1916.

Nos. 19,907—(56).

**Witness — testimony of decedent in prior action admissible — test of admissibility.**

Plaintiff's son was injured by being run over by a train of defendant. Plaintiff, as his father and natural guardian, brought an action against defendant to recover on behalf of his son for the injuries received. This action was tried and decided. The present action is by the father to recover on his own behalf for loss of the boy's services and the sums paid out in treating the injuries. It is *held*:

(1) The evidence sustains the verdict for defendant.

(2) Neither the parties nor issues in the two actions were sufficiently different to make inadmissible in this case the testimony of a witness on the former case who had since died. The true test is not the absolute identity of parties or issues, but whether the party against whom the testimony is offered had adequate opportunity by cross-examination on the former trial to sift the testimony. It was error to exclude this testimony, and the error was prejudicial.

(3) The trial court correctly instructed the jury that the injured boy was a trespasser and that plaintiff could not recover except upon proof of wilful and wanton negligence. There was no error in the instructions given, in the refusal to give instructions requested, or in the rulings on the trial, except in excluding the testimony referred to.

Action in the district court for Itasca county to recover $6,500 for injury to plaintiff's minor son while passing through defendant's railroad yard with its knowledge and consent. The answer denied that the injured minor was in the yard upon the invitation, express or implied, of defendant or by its license or consent, express or implied, and alleged that the plaintiff was a trespasser. The case was tried before Stanton, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony denied defendant's motion for

[1]Reported in 160 N. W. 670.

a directed verdict, and a jury which returned a verdict in favor of defendant. From an order denying his motion for a new trial, plaintiff appealed. Reversed.

*J. W. Reynolds,* for appellant.

*M. L. Countryman* and *Baldwin, Baldwin & Holmes,* for respondent.

BUNN, J.

Kenneth Palon, the minor son of plaintiff, was run over by a train of defendant in its Swan River yards on the evening of October 27, 1913. Plaintiff, as the father and natural guardian of the injured boy, brought an action against defendant to recover on behalf of his son for the injuries received. That action resulted in a verdict of $22,500 in favor of the plaintiff. The verdict was upheld on appeal to this court. Palon v. Great Northern Ry. Co. 129 Minn. 101, 151 N. W. 894. The present action is by the father to recover on his own behalf for loss of the boy's services, and the sums paid out for the services of physicians and nurses, hospital bills, artificial limbs and so forth. The verdict was for the defendant, and plaintiff appeals from an order refusing a new trial.

The grounds upon which plaintiff asks a reversal of the order appealed from are these: (1) The verdict is not sustained by the evidence; (2) error in excluding the testimony of a deceased witness given upon the trial of the former action; (3) error in charging the jury that the boy was a trespasser, and that plaintiff could not recover except upon proof of wilful and wanton negligence on the part of defendant.

1. It is vigorously urged that, even conceding that plaintiff could only recover upon proof of wilful and wanton negligence, so-called, the verdict is so clearly and palpably against the evidence that it was an abuse of discretion to deny a new trial. The real contention on this point is that the evidence does not sustain a finding that the engineer of the train which ran over plaintiff did not see him in a position of peril in time to have avoided the accident by the use of ordinary care. The facts upon which the decision of this issue depended are stated in the opinion on the former appeal. We held then that the evidence justified the jury in finding that the engineer and brakeman saw the boy in a place of peril, endeavoring to get his foot loose from the frog of the switch, in time to have slackened the speed of the train, and thus have

avoided the accident by giving the boy a few seconds more in which to get loose and off the track. We did not decide, as of course we were not required to decide, that the evidence would not have justified a finding either that the trainmen did not see the boy in a position of peril, or that they saw him too late to avoid the accident. We decided only that "the questions upon which liability depended were for the jury."

We have carefully considered the record as well as the argument of counsel for plaintiff, and reach the conclusion that the verdict is not so clearly and palpably against the evidence that we can interfere after the trial court has refused to set it aside. The questions upon which the liability of defendant depended were for the jury, and the evidence is such that a finding either way would have to be sustained in this court.

2. On the trial of the former action, brought by plaintiff as the father and natural guardian of the boy to recover for his injuries, one Borbusch testified as a witness for plaintiff. He died before the trial of the present case. Plaintiff offered his testimony given on the trial of the former case. Defendant admitted that Borbusch testified on the trial of the boy's case, that he had since died, and that his testimony was material; but objected to the testimony being received in the present case on the grounds that it was "incompetent, irrelevant and immaterial, hearsay, and for the reason that neither the parties nor the issues in the two actions are substantially the same." The objection was sustained, and the ruling is assigned as error.

We do not sustain the claim that the objection was insufficient. It pointed out that the testimony was hearsay, and that neither the parties nor the issues in the two actions were substantially the same.

Was it error to reject this evidence? The claim is made by defendant that, if error, it was error without prejudice. We cannot so hold. The evidence rejected was that the frog in which the boy was caught was not blocked the morning after the accident. Whether the boy caught his foot in an unblocked frog was a vital issue in the case and one on which the evidence was conflicting. If he did not, there is hardly room for the charge of wilful negligence on the part of the trainmen. The jury may well have found that the boy was not so caught. It is true that the testimony of Borbusch was cumulative, but it is impossible to say that it would not have been of help to the jury in deciding the issue

to which it was directed. Had the witness been living and offered as a witness on this trial, it could hardly be contended that the rejection of his evidence was error without prejudice. It went directly to a controverted vital fact in the case. We have noted the admission of defendant on the trial that the testimony was material.

The admission of the testimony of a witness given on another trial is sometimes spoken of as an exception to the rule excluding hearsay. If it is, the exception is logical and sound because the witness was under oath when he testified, and there was opportunity for cross-examination. The satisfactory and reliable character of such evidence is pointed out in Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co. 51 Minn. 304, 53 N. W. 639. But it is nevertheless much less satisfactory than the oral testimony of the witness, where the jury may watch his manner and bearing on the stand as helps in determining his credibility, and where the opposing party is actually confronted by the witness. The law still requires, therefore, that there be some necessity for admitting the evidence of a witness given on another trial. This is found when the witness has died, or become insane since the former trial, where the witness is a nonresident and not within the jurisdiction of the court, and where he is absent by the act or procurement of the party against whom the evidence is offered. In the present case the witness was dead. The only reasons there can be for excluding his testimony are that the parties and issues in the two actions are not substantially the same. Absolute identity of parties and issues is not required. The question here is whether, under the authorities and in reason, the parties and issues in these two actions were nearly enough the same to make the testimony admissible.

First as to the identity of parties: In the first action the boy was the real plaintiff, and the father the nominal plaintiff. In this case the father is the real plaintiff. The defendant is the same in both cases. As to the issues; except as to damages, they were essentially the same. It is true that in the present case contributory negligence on the part of the father might be a defense, and that it would not be in the boy's case. The issue to which the testimony of Borbusch was directed was the same in both cases. We say this without overlooking defendant's claim that we cannot take judicial notice of what the issues were in the

former case. There is enough in the stipulated facts, we think, to show this.

What is the law in this situation? There is no case in this state which is controlling, no case in which the parties and issues were not the same on the second trial. Looking elsewhere for authority, we find no lack of it. Indeed there is so much, and it is so in conflict, that any decision we might reach will find support in the decided cases. We should adopt the view that is best supported by principle and good sense, avoiding objections that are founded on technicalities, and having due regard to what was said by Judge Mitchell in Minneapolis Mill Co. v. Minneapolis & St. L. Ry. Co. 51 Minn. 304, 53 N. W. 639: "We do not see why such testimony is not as satisfactory and reliable as a new deposition, taken out of the state, would be. Rules on such subjects should be practical, and subject to modification as conditions change." No case holds, and it is not contended by counsel for defendant in this case, that absolute identity of parties and issues is necessary. His contention is, that the plaintiff is different in the two cases, and that this fact, and the fact that some issues are not the same, make the testimony inadmissible. Admittedly there are cases which so hold, but what is the reason behind these decisions? As pointed out by Mr. Wigmore, 2 Wigmore, Ev. § 1388, it is sometimes said that the same rule applies as in cases of *res adjudicata* and *estoppel,* and sometimes that there must be a reciprocity" or "mutuality," that is, that the former testimony, already cross-examined by the defendant on the former trial, cannot be received against defendant on the present trial, unless defendant could have offered it against the plaintiff. Mr. Wigmore calls the first argument "fallacious in theory and misleading in practice," and says that the second has not "a shadow of justification." The sole test, according to that author, is whether the party against whom the testimony is offered had an adequate opportunity by cross-examination to sift it. That there was this opportunity in the case at bar is entirely clear. If this test is the correct one, the testimony should have been received. It seems to us that the doctrine of Mr. Wigmore is logical and sound. In addition to the many cases cited by that author in the text and notes, we refer to the valuable note to Lyon v. Rhode Island Co. in L.R.A. 1916A, 983, as well as to the case itself. We might refer to many other

authorities, and greatly prolong this opinion by discussing the various arguments *pro* and *con,* but it seems unnecessary. We are of the opinion that it was prejudicial error to exclude the testimony of Borbusch given on the trial of the boy's case.

3. As to the claim of error in instructing the jury that the boy was a trespasser, and that plaintiff could not recover except upon proof of wilful and wanton negligence on the part of defendant, our conclusion is that this instruction was correct. It is unnecessary to recite the evidence or to give our reasons for this conclusion. We announce it for the guidance of the court on the new trial. We fail to perceive any error in the instructions given or in the refusal to give requested instructions, or any error in the case except that in excluding the testimony of Borbusch.

Order reversed and new trial granted.