## A. C. COX v. GEORGE H. SELOVER.
## NORTHWEST FINANCE CORPORATION, INTERVENER.[1]

May 6, 1927.

No. 25,927.

**Testimony of payee of note, taken at first trial, admissible on second trial when he is out of state.**

In an action against the guarantor of a promissory note, a second trial having been granted and thereafter the principal maker of the note having intervened and there being a substantial identity of parties and of issues, *held*:

(1) That the testimony of the payee, given at the first trial with full opportunity of cross-examination by the same counsel, is admissible upon the second trial, the witness being absent from the state.

(2) The evidence sustains the verdict for the plaintiff.

(3) There was no error upon the ruling as to the admissibility of evidence.

Bills and Notes, 8 C. J. p. 1045 n. 90.
Evidence, 22 C. J. p. 428 n. 79; p. 430 n. 95; p. 434 n. 16.
Guaranty, 28 C. J. p. 1030 n. 73.

See 10 R. C. L. 968, 969; 2 R. C. L. Supp. 1123.

Defendant and the intervener Northwest Finance Corporation appealed from an order of the district court for Hennepin county, Stanton, J., denying their alternative motions for judgment or a new trial. Affirmed.

*Robert S. Kolliner* and *Brill & Maslon*, for appellants.
*Edward E. Eder* and *Thos. B. Mouer*, for respondent.

QUINN, J.

Action on a promissory note for $5,000, executed by the intervener, Northwest Finance Corporation, dated September 28, 1921, payable to the order of Will R. Peters and J. J. Reiter, in 30 days,

[1]Reported in 213 N. W. 902.

and the payment thereof guaranteed by the defendant, George H. Selover. The sum of $1,000 was paid thereon November 21, 1921. This action was brought by plaintiff, as the assignee of such note, against the guarantor, Selover, to recover the balance of $4,000 and interest. It is not claimed that the plaintiff was an innocent purchaser for value before maturity. Fraud in the procurement of the execution and the guaranty was pleaded as a defense. There was a verdict for plaintiff which was set aside as being against the evidence and a new trial granted. Subsequently the maker of the note intervened and asked, in its complaint in intervention, that the note be canceled because of the fraudulent representations and practices of the payees in procuring the same. When the cause was again reached for trial, the defendant's answer was amended so that it also asked for cancelation of the note, based upon the fraudulent representations and practices of the payees. At the second trial there was a verdict for plaintiff. From an order denying their motions for judgment or for a new trial, the defendant and the intervener appealed.

The Peters Home Building Company, a corporation, was engaged largely in the building and selling of houses on the monthly plan and buying and selling of mortgages, electric fixture contracts, real estate, and in repair and reconstruction work. In September, 1921, William R. Peters and Joseph Reiter held a majority of its common or voting stock. Negotiations arose between the Peters company and the intervener for the sale and purchase of such common stock held by Peters and Reiter. In these negotiations the intervener was represented by the defendant Selover as its attorney. Selover owned about one-fourth of the intervener's common stock, one-eighth of its preferred stock, and was one of its directors and its president.

The amount to be allowed for the stock of the Peters company was fixed at $55,000, payable as follows: By a mortgage upon property in Vermillion, South Dakota, $2,250; certificate of deposit of the Gully Bank, $5,000; 125 shares of stock in Northwest Finance Corporation, $12,500; land in Cass county, $17,500; cash $17,500. In accordance with the foregoing, a contract was prepared on Sep-

tember 9. Some changes were thereafter made and it was signed on September 28 when there was a transfer of properties in accordance with the foregoing except that the Finance company executed the note here in question with Selover as guarantor thereon in lieu of that amount in cash.

It is the theory of the defense, as we understand it, that during the negotiations Peters made false and fraudulent statements and representations as to the property and its value then owned by the Peters Home Building Company. The defendant Selover testified positively as to such alleged statements and representations and Mr. Peters just as positively denied making them. Clearly this made an issue for the jury to determine from all of the testimony had upon the trial.

There was considerable testimony offered on behalf of the defense which was uncontroverted as to the amount and value of the property owned by the Peters company, but as to what representations and statements were made by Peters to Selover there was a sharp conflict. There have been two verdicts in favor of the plaintiff and the trial court refused to disturb the second verdict, nor do we find any reason for so doing.

At the first trial, Peters was present and testified as to what occurred between him and Selover during the negotiations. Mr. Selover is a lawyer of long experience and he was represented at the trial by able counsel. Peters was not cross-examined. At the time of the second trial, Peters was in the state of Florida. A transcript of his testimony given upon the former trial was received in evidence over objection. We find no reason why it was not admissible.

The note sued upon was the obligation of the intervener. It asks in its pleading that the note be canceled upon the ground of fraud. The defendant Selover had guaranteed the payment of the note. He was a large stockholder, a director, the president and attorney for the intervener. In his answer he too asked that the note be canceled on account of such fraud. While it is obvious that appellants are not the same parties, their interests are substantially the same, especially as to the outcome of the litigation. The question

here is whether, under the authorities and in reason, the parties and issues are nearly enough the same to render the testimony given by Peters upon the former trial admissible on the trial after the intervention. We are of the opinion and hold that there was a substantial identity of parties and that the issues were the same, and to have excluded the proffered testimony would have been error. Palon v. G. N. Ry. Co. 135 Minn. 154, 160 N. W. 670; Lyon v. Rhode Island Co. 38 R. I. 252, 94 Atl. 893, L. R. A. 1916A, 983; 3 Wigmore, Evidence, § 1388; Edgerley v. Appleyard, 110 Me. 337, 86 Atl. 244, Ann. Cas. 1914D, 474; O'Meara v. McDermott, 40 Mont. 38, 104 Pac. 1049; Julian v. Woolbert, 202 Ala. 530, 81 So. 32; 16 Cyc. 1088.

Under the pleadings and the testimony, we think the trial court properly submitted the issues to the jury and that the evidence sustains the verdict.

Affirmed.