POWELL v. POWELL. (8 Div. 989.)

Supreme Court of Alabama. March 22, 1928.

1. Ejectment ⬅21—Demand for possession as condition precedent to action in ejectment was unnecessary, where defendant denied plaintiff's title.

Demand for possession of land by plaintiff as condition precedent to maintenance of action in ejectment was unnecessary, where defendant denied plaintiff's title and insisted he held adversely and in hostility thereto.

2. Deeds ⬅194(5)—Prima facie evidence of delivery of deed from recordation may be rebutted by showing no delivery was intended.

Prima facie evidence of delivery of deed from recordation thereof may be rebutted by proof showing that, in fact, no delivery was intended.

3. Deeds ⬅59(2)—If deed was placed on record by grantor only to mislead creditors, there was no "delivery" and it would not operate as conveyance.

If deed from a husband to wife was never delivered to the grantee but was placed on record by grantor without intention to deliver it but only to mislead creditors, there was no "delivery" and it would not operate as conveyance.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Deliver—Delivery.]

4. Deeds ⬅56(2)—Charge that, if husband signed and acknowledged deed and delivered it to wife or for record for her, there was delivery held proper.

Where in wife's suit in ejectment against husband he alleged that deed to her was executed when he was in financial difficulty and was not intended to be delivered, charge that, regardless of his motive, if he signed and acknowledged deed and delivered it to her or to the probate judge for record for her, then there was delivery to her *held* proper.

5. Trial ⬅260(5)—Refusal of charges on intention in delivery of deed was not error, where substance thereof was embraced in oral and given charges.

In wife's action against husband in ejectment where he alleged that deed executed to her and placed on record was never intended to be delivered, refusal of his charges that, if he did not intend title to pass and did not deliver deed, then there was no delivery was not error, where substance thereof was covered in oral and given charges.

6. Ejectment ⬥⟶110—Requested charges that there could be no delivery of deed unless grantee actually received it were misleading and their refusal proper.

In wife's action against husband in ejectment where he alleged that deed of land to her, though recorded, was never intended to be delivered, his requested charges that there could be no delivery of deed to her unless she actually received it were misleading and their refusal proper, where jury could find that delivery of deed to the probate judge for record sufficed as delivery to her.

Appeal from Circuit Court, Morgan County; James E. Horton, Judge.

Action in ejectment by Charlcie Powell against P. T. Powell. From a judgment for plaintiff, defendant appeals. Affirmed.

The following charge was given for plaintiff:

"(2) Regardless of what his motive or purpose was, if the defendant, Powell, signed and acknowledged the deed and delivered it to the plaintiff or to the probate judge for record for her, your verdict should be for the plaintiff."

These charges were refused to defendant:

"(b) If the defendant did not intend that the title pass under the deed to the plaintiff, and if the defendant did not deliver the deed to the plaintiff, then your verdict should be for the defendant.

"(c) Unless the possession or control of the deed passed from the defendant to the plaintiff with the intention on the part of the defendant that she should thereby take title to the property conveyed, your verdict should be for the defendant.

"(d) If after due consideration of all the acts and declarations of the parties you are not reasonably satisfied that possession of the deed passed from the defendant to the plaintiff, the defendant thereby intending to pass title from him to plaintiff, then your verdict should be for the defendant.

"(e) If defendant retained control of the deed with no intention that title should pass, then your verdict should be for the defendant."

Sample & Kilpatrick, of Hartselle, for appellant.

Defendant's possession was lawful; he was a licensee. Until the license was revoked, ejectment could not lie. 19 C. J. 1069. The delivery of a deed is necessary to pass title. The record of a deed is only prima facie evidence of delivery. Napier v. Elliott, 146 Ala. 213, 40 So. 752, 119 Am. St. Rep. 17; Id., 162 Ala. 131, 50 So. 148; Id., 177 Ala. 113, 58 So. 435. The fact of delivery rests in the intention of the grantor. Napier v. Elliott, 162 Ala. 131, 50 So. 148; Griswold v. Griswold, 148 Ala. 241, 42 So. 554, 121 Am. St. Rep. 64. Even if the deed was made to delude creditors, and was never delivered, title did not pass. Loring v. Grummon, 176 Ala. 236, 57 So. 818; Coulson v. Scott, 167 Ala. 606, 52 So.

436. Charge 3, given for plaintiff, was error in omitting the question of intention. Coulson v. Scott, supra; Loring v. Grummon, supra.

A. J. Harris, of Decatur, for appellee.

No demand for possession was necessary, defendant claiming by adverse possession. Alexander v. Wheeler, 69 Ala. 335; 19 C. J. 1071. Defendant's requested charges were fully covered by the oral charge and special given charges. At any rate, they were misleading.

GARDNER, J. Appellant and appellee are husband and wife, though living separate and apart, the wife having left the home of the husband in May, 1922, and subsequently instituted this suit in ejectment against him to recover the land upon which they had resided. From a judgment for the plaintiff, the defendant appeals.

[1] The first assignment of error argued by appellant rests upon the theory that notice or demand for possession on the part of the plaintiff was necessary to be shown in order to maintain the action under the circumstances of this case. Under the situation here presented, such demand was not essential. The defendant denies plaintiff's title, and insists he holds adversely and in hostility thereto. Under these circumstances previous demand is unnecessary. The law does not exact a useless procedure. 19 Corpus Juris, 1071; Alexander v. Wheeler, 69 Ala. 332.

[2] Upon the merits, the case turned upon the question of delivery of the deed executed by defendant to plaintiff while the former was in financial difficulties. The deed was written by one Price, acting for defendant, and before whom it was signed and acknowledged on December 19, 1912, and filed for record by Price for defendant in the probate office on the same day. Defendant insists he signed and acknowledged the deed on Price's advice that it would amount to nothing, and left it with him for record and to be returned to him, which he states was done, being forwarded by Price to him by mail; that his wife did not know anything about the transaction, and that he kept the deed in his trunk; that after the separation the plaintiff came back to the home and secured the deed from the trunk.

Plaintiff, on the other hand, insists that upon the deed being placed on record, it was returned to her by the probate judge; that she did not get it from defendant's trunk; that her husband told her about the transaction, and that if she would pay taxes on the land for ten years, then no one could take it away from her. For some of the years she paid the taxes and defendant assessed the land for taxes in her name

The record of the deed was prima facie evi-

dence of delivery, but which, of course, may be rebutted by proof tending to show that in fact no delivery was intended. Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812; Napier v. Elliott, 146 Ala. 213, 40 So. 752, 119 Am. St. Rep. 17; Napier v. Elliott, 177 Ala. 113, 58 So. 435; s. c., 162 Ala. 129, 50 So. 148; Loring v. Grummon, 176 Ala. 236, 57 So. 818; Coulson v. Scott, 167 Ala. 606, 52 So. 436.

[3] If, however, the deed was never delivered to the grantee who is sui juris and placed on record by the grantor with no intention of delivery to the grantee, but only to mislead creditors, there would be no delivery and the deed would not operate as a conveyance. Loring v. Grummon, supra; Coulson v. Scott, supra. The following excerpt from Gulf Red Cedar Co. v. Crenshaw, supra, is here pertinent:

"The true test of delivery is not as to what was actually said or done or what became of the conveyance, but whether or not the grantor intended to reserve to himself the locus poenitentiæ. If he did, there is no delivery and no present intention to divest himself of the title to the property. Griswold v. Griswold, 148 Ala. 241, 42 South. 554, 121 Am. St. Rep. 64. If, on the other hand, he parts with the control of the deed or does any act or says anything whereby he evinces an intention to part with the dominion over it and to pass it to the grantee, though he may retain the physical custody of the instrument, or whether it be turned over to another or placed upon the record, the delivery is complete if made with the intent that it was to so operate, and regardless of what was said or done in order to perfect same."

[4] The third assignment of error relates to the action of the court in giving charge 2 for plaintiff. We think the charge correctly states the rule as to a delivery of the deed and is not subject to the criticism that the record of the deed alone would suffice as the charge expressly hypothesizes the delivery of the deed for record to the probate judge for her.

The only remaining assignments of error (7, 8, 9, and 10) have reference to the refusal of defendant's charges B, C, D, and E.

[5] In the oral charge of the court the jury was instructed that the record of the deed was only prima facie evidence of delivery, and may be rebutted by other evidence showing no intention of delivery—all of which was submitted for the jury's determination. Like instructions were embraced in charge 5, given for defendant. We are of the opinion, therefore, that the substance of the above refused charges was sufficiently embraced in the oral charge of the court and in the given charge referred to. There was, therefore, no reversible error shown.

[6] Moreover, it would seem these charges had a misleading tendency in that the grantor's mistaken conception of the question of title as advised by the scrivener would suffice to destroy the validity of the deed, notwithstanding there had been a full and complete delivery of the deed to the grantee with intention to pass all control thereof to her, and without the grantor reserving to himself the locus poenitentiæ. 18 Corpus Juris, 200, and authorities cited in note 34. The charges had another misleading tendency as calculated to impress the jury there could be no delivery unless the plaintiff actually received the deed, although the jury may find delivery to the probate judge for record sufficed as a delivery.

We have considered the assignments of error argued by counsel for appellant, and find no reversible error. The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.