6 So.2d 414

### TAYLOR v. O'BARR et al.

### 7 Div. 675.

Supreme Court of Alabama.

Feb. 12, 1942.

Embry & Weaver, of Pell City, for appellant.

Exum & Whitmire, of Birmingham, for appellees.

GARDNER, Chief Justice.

The original bill was for the cancellation of a deed executed by complainant, the husband, to Sarah Taylor, his wife, conveying the real estate therein described. Complainant is in possession of the land and seeks to remove this deed as a cloud upon his title. Cancellation is sought upon the theory there was no delivery of the deed. But it was duly executed and by the grantor duly recorded in the probate office, and this, under all of our authorities makes out a prima facie case of delivery. This presumption may be rebutted by proof tending to show that in fact no delivery was intended. Powell v. Powell, 217 Ala. 287, 116 So. 139; Coulson v. Scott, 167 Ala. 606, 52 So. 436; Gulf Red Cedar Co. v. Crenshaw, 169 Ala. 606, 53 So. 812; Alexander v. Alexander, 71 Ala. 295; Napier v. Elliott, 146 Ala. 213, 40 So. 752, 119 Am. St.Rep. 17; Deramus v. Deramus, 204 Ala. 144, 85 So. 397; 18 C.J. 207; 26 C.J.S., Deeds, § 44.

In the original bill complainant disclosed the purpose of the deed, his hazardous position and to avoid administration of his estate in the event of his death, and the understanding with his wife, the grantee, that she would reconvey the land upon the termination of his hazardous employment. Demurrer was sustained to the original bill, evidently upon the theory that its averments refuted the theory that there was no delivery.

By amendment complainant strikes out these allegations, and to avoid the prima facie case of delivery by the filing of the deed for record, rests his case upon the averment that he has retained possession of the land and the deed, and that its recordation was "without any intention of delivery". But the averment of a mere undisclosed intention at the time the deed is so filed for record, with no surrounding facts or circumstances in support thereof, does not suffice to overcome the force and effect of the act of recordation.

Complainant must rest, therefore, upon the mere fact he retained possession of the deed. But upon this question we think the Arkansas Court in Russell v. May, 77 Ark. 89, 90 S.W. 617, has given a sufficient answer to the effect that the husband's duty is to look after the wife, that the deed being for her benefit will be presumed accepted by her and his mere retention of the deed did not suffice to overcome the prima facie case of delivery by recordation. 18 C.J. 208; 26 C.J.S., Deeds, § 44. The reasoning of that authority is somewhat analogous to that found in Gulf Red Cedar Co. v. Crenshaw, supra, involving a deed by a father to his minor children. 1 Devlin on Deeds, § 297. To our minds the logic of Russell v. May, supra, is apparent. Other authorities to like effect are to be found in 26 C.J.S., Deeds, § 44, p. 246.

Of course equity pleading requires complainant to show with clearness the right that warrants protection and inform defendant sufficiently of the nature of the case he is called upon to defend. Moseley v. Ritter, 224 Ala. 58, 139 So. 94. Facts should be alleged, and not mere conclusions. Cullman Property Co. v. H. H. Hitt Lumber Co., 201 Ala. 150, 77 So. 574; Jackson Realty Co. v. Yeatman, 219 Ala. 3, 121 So. 415.

Complainant, therefore, in our opinion, has failed to allege facts sufficient to overcome the prima facie case of delivery of the deed, and the demurrer was properly sustained.

The decree will accordingly be here affirmed.

Affirmed.

BOULDIN, FOSTER, and LIVINGSTON, JJ., concur.